VICTOR RIVARA, APPELLANT, v. THE DELAWARE, LACK-
AWANNA AND WESTERN RAILROAD COMPANY, RE-
SPONDENT.

Submitted July 10, 1922—Decided November 20, 1922.

On appeal from the Supreme Court, in which the follow-
ing *per curiam* was filed:

"Rivara cashed some checks of the railroad company ap-
parently given to their employes. At any rate, they were
payable to the order of employes. It turned out that they
had come into the hands of men who had no right to them:
they endorsed them, however, in the names of the employes
to whom they were payable, and, apparently, in the presence
of Rivara. The railroad company stopped payment on the
checks and the bank charged them back to Rivara's account.
He now sues to recover from the railroad company.

"It is difficult to see where he gets any title. It was con-
ceded on the trial by the plaintiff's attorney that the endorse-
ments were made by the same impostors in each case, who
fraudulently obtained the checks. This seems to bring the
case within section 23 of the Negotiable Instruments act, and
to distinguish it from *Montgomery Garage Co.* v. *Manufac-
turers' Liability Insurance Co.*, 94 N. J. L. 152. The point
in that case was that the man to whom the check was given
was the identical man that the maker of the check intended
should draw the money. It was a case of misnomer and not
a case of forgery, and the Court of Errors and Appeals was
careful to say that if the plaintiff in that case, before cashing
the check, had sent for and asked the drawer whether or not
the person presenting the check was the person to whom it
was intended to be paid, the answer would have been in the
affirmative. Here, on the contrary, if the plaintiff, before
cashing the check, had made any inquiry at all from the
railroad company, he would have ascertained that they meant

the check to be paid to one of their own employes. Under those circumstances it was incumbent on Rivara to ascertain that the person to whom he was paying it was the person designated in the check, and this he failed to do. It was not a case of negligence on the part of the railroad company, since they made it payable to the order of the man to whom the money belonged, and the negligence was on the part of Rivara in failing to ascertain that the endorsement, which he witnessed, as he says, was made by the person named in the check as payee. It was not made to the person named in the check as payee, nor was it made to anyone to whom the railroad company intended it should be paid, as in the Montgomery Garage case. We think the trial judge was in error and that the judgment must be reversed."

For the appellant, *Smith, Mabon & Herr.*

For the respondent, *Frederic B. Scott.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.