PATRICK LONG, PROSECUTOR, v. BERT DALY, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE CITY OF BAYONNE, ET AL., RESPONDENTS.

Argued May 1, 1928—Decided May 14, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Feinberg & Feinberg*.

For the respondents, *James Benny*.

PER CURIAM.

This writ brings up for review a judgment of dismissal of the prosecutor as a member of the police force of Bayonne.

There are several reasons advanced and argued why this judgment should be set aside.

1. Because there was no proof of a manual of rules which the prosecutor was charged with violating.

We think, however, that this is without substance and can be distinguished from *Kelly* v. *Bishop,* 119 *Atl. Rep.* 6, cited by prosecutor.

In that case the complaint was directly based upon violations of specific sections of the rules and regulations of the police department and the existence of such rules and regulations was not established.

In the present case the complaint is—

"To the Director of Public Safety:

I hereby charge Patrick Long with conduct unbecoming, an officer and gentleman and conduct subversive of good order and discipline.

### SPECIFICATIONS.

In that the said patrolman, Patrick Long, on date of May 6th, 1927, at three-thirty A. M., did assault Harry Clancy,. a citizen of Bayonne, without just cause or provocation.

Being in violation of          of the manual of rules and regulations of the police force of the city of Bayonne."

Here a crime is charged, and while in the last paragraph of the complaint rules and regulations of the police force are referred to, the gravamen of the complaint is the assault charged. It will be noted that no specific rule and regulation is charged as having been violated as in *Kelly* v. *Bishop, supra.*

2. There was no proof of any properly signed complaint having been filed in the office of the municipal officer or board having charge of the department in which the alleged complaint arose, as required by statute.

We think the statute in this respect was complied with.

The complaint was read into the record of the case. The affidavit upon which it was based was not because of objection of counsel for prosecutor. *S. C.,* 11, 12. Complaint, charge and service thereof are shown in return to the writ, pages 3, 4 and 5.

3. The presentation of charges against prosecutor was improperly delayed for two months, and prosecutor was denied a reasonable opportunity to prepare a defense to the charges made against him.

We do not find any showing upon the part of the prosecutor that he was prejudiced in his cause or the defense he made against the charges.

4. There was no competent or creditable evidence upon which the prosecutor could be adjudged guilty; he was dismissed from the police force on charges which were false.

5. There was an unreasonable abuse of discretion exercised by the director of public safety in dismissing the prosecutor from the police department.

If the evidence before the trial body presents a rational, legal and substantial basis for the finding this court will not

disturb such finding. *Alcott* v. *Trenton,* 66 *N. J. L.* 173; *affirmed,* 67 *Id.* 351; *Ayers* v. *Newark,* 49 *Id.* 170; *Cavanagh* v. *Hoboken,* 59 *Id.* 412; *Reilly* v. *Jersey City,* 64 *Id.* 508.

We find the proofs before the commissioner of public safety, who tried the cause to be of the character so called for, and for this reason his conclusion will not be disturbed.

6. The director of public safety had no jurisdiction to try the prosecutor for the offense in question, and hence the conviction and dismissal were unlawful.

The objection seems to have been that it must appear that the board of commissioners by resolution specifically placed the power to act in the commissioner of public safety, and that such action was not taken nor had.

Prosecutor concedes that under *Crane* v. *Jersey City,* 90 *N. J. L.* 109, the director of public safety has the power, sitting alone, to try charges of this character where the board of commissioners have, by resolution, conferred upon him such judicial powers.

A copy of a resolution purporting to be of such character was offered in evidence and marked over objection of attorney for the prosecutor upon the ground that it was merely a copy and that proof should be made by the original records. A copy certified by the city clerk would have been competent.

We do not find this resolution sent up with the return to the writ, and, therefore, cannot determine whether it was so certified or not.

By depositions taken under the writ resolutions of this character were proved and admitted.

We think it entirely unimportant whether proper proof of such authority was made at the trial or not so long as it now is established that such authority existed in fact at the time of the trial.

7. The prosecutor is a world war veteran and did not receive the protection to which he was entitled under chapter 124, laws of 1919.

8. The director of public safety was prejudiced and biased and the prosecutor did not receive a fair and impartial trial.

We are unable to find anything of legal or factual substance in either of these reasons.

9. The conviction as shown by the return to the writ is irregular, improper and illegal.

We are likewise unable to find· anything substantial in this reason.

The writ will be dismissed.