JAMES McALPINE, PROSECUTOR-APPELLANT, v. GAR-
FIELD WATER COMMISSION, DEFENDANT-RESPOND-
ENT.

Argued February 5, 1947—Decided April 24, 1947.

For the prosecutor-appellant, *Richard J. Baker* (*Warren Dixon, Jr.,* of counsel).

For the defendant-respondent, *Henry L. Janowski* (*Dominick F. Puchella,* of counsel).

The opinion of the court was delivered by

WELLS, J.    This is an appeal from a judgment of the Supreme Court, dismissing a writ of *certiorari* which had been issued to review action taken by the respondent, Garfield Water Commission, in terminating the employment of the appellant, James McAlpine.

McAlpine had been employed in the position of water plant superintendent for the City of Garfield since 1924. This length of service afforded him the protection provided by chapter 234, laws of 1941 (*R. S.* 58:11–18.7), requiring that any removal from office or reduction in salary could only be effected "for good cause and after a public hearing."

On September 5th, 1944, a report was submitted to the Garfield Water Commission by two of its members, setting forth the results of an investigation, which had been directed by the Commission, and charging the appellant with failure to discharge his responsibilities.    Based upon this report the appellant was suspended from his duties on September 16th, 1944, and he was thereafter, on September 29th, 1944, served with formal charges and a notice of hearing ·as required by the statute above cited.

On November 2d, 1944, McAlpine made formal denial of the charges filed against him, and thereupon the Commission, consisting of five members, proceeded to a hearing on such charges, as the duly authorized "appointing authority."    At various hearings held from November 9th through November 24th, 1944, all five members of the Commission were in attendance.    On December 7th and 8th one of the Commission members, a Mr. Anthony Vecchio, did not appear, but the hearing was allowed to proceed over protest of appellant's counsel.

On December 9th, 1944, the next adjourned date of the hearing, Mr. Vecchio was again in attendance, and took his seat to participate in the remainder of the hearing.    The appellant then moved for a dismissal of the charges and a mistrial on the ground that Mr. Vecchio, not having heard all of the testimony, was incapable of rendering a fair and

impartial verdict. This motion was denied, and the appellant refused to participate further in the hearing with no testimony being presented in defense of the charges against him.

On December 13th, 1944, all members of the Commission being present, a resolution was adopted setting forth the findings and determinations resulting from the hearing, and discharging the appellant from his duties as water plant superintendent because of proof supporting sixteen of the twenty charges filed. A writ of *certiorari* was issued on February 17th, 1945, and was later dismissed by the Supreme Court on December 6th, 1945, affirming the findings and action of the Commission.

Although several arguments were advanced in the court below as supporting the writ, only one question is presented on this appeal. Where the dismissal of an employee is based upon a hearing conducted by the members of a municipal commission, and one of the members did not hear all of the evidence adduced, is the action of the commission vitiated by the participation of such member in the final deliberations and vote of dismissal?

In considering this same question below the opinion of the Supreme Court reviewed the testimony which was presented on the two occasions when Mr. Vecchio was not in attendance. That court found that such testimony was an "inconsequential part of the evidence, upon matters of little materiality." Therefore, in the light of the other evidence which was presented when Mr. Vecchio was in attendance, the Supreme Court did not "see that substantial justice was impaired or the trial rendered unfair by the absence of one of the members of the commission from the two brief hearings." Based upon these views expressed by the Supreme Court the respondent contends that the absences of Mr. Vecchio, or the testimony presented in his absence, or both, were harmless error not justifying any action on the part of this court.

It is an integral part of our governmental system that certain activities be conducted under the supervision and

control of duly constituted boards and commissions. These bodies are authorized to employ personnel and also to dismiss or demote such personnel for improper performance of their duties and responsibilities. As an incident of this authority, and when the occasion demands, such boards and commissions exercise *quasi*-judicial functions in holding hearings related to employee performance.

It is well settled and well founded that in the conduct of such hearings these governmental bodies, being primarily administrative and not judicial, should not be held to strict conformity with judicial procedure required in a court of law. It is likewise well settled and well founded, however, that the employee concerned shall be given a fair and impartial trial. These elements of fairness and impartiality must appear in the conduct of the hearing itself and in the deliberations and decision which follow.

Whenever any action is taken by a board or commission, it must necessarily be based upon the expressions of opinion and the vote of its members. If the action relates to a hearing such as concerned in this appeal, then the expressions of opinion and the votes of the several members must be based upon the evidence adduced from the hearing. Since it is not feasible to evaluate the personal influence which may be exerted by any one member, we believe it necessarily follows that fairness and impartiality can only be assured when the members participating in the deliberations and decision of the board or commission, following a hearing on employee performance, have had an equal opportunity to hear and evaluate all of the evidence presented at the hearing.

In the case of *Eisberg* v. *Cliffside Park*, 92 *N. J. L.* 321; 105 *Atl. Rep.* 716, a police officer was dismissed after hearing by the local council. On review by *certiorari* it was contended that a fair trial was not afforded because, among other reasons, one of the councilmen participating in the vote to dismiss had not been present when certain of the testimony was taken. The Supreme Court, in setting aside the dismissal, said: "The rule is fundamental that a person who has not heard the testimony in a given case occupies no legal

status as arbiter or judge to adjudicate upon the cause." A similar situation was presented in the later case of *Kelly* v. *Bishop*, 119 *Atl. Rep.* 6, and the Supreme Court held, "The participation of one of the commissioners in adjudicating the guilt of prosecutor on testimony he had never heard is fatal to the conviction, and without it the resolution of dismissal must fall." This court in the case of *Long* v. *Daly*, 105 *N. J. L.* 492; 144 *Atl. Rep.* 588, approved the doctrine above quoted from *Kelly* v. *Bishop* as being sufficient in itself to set aside the action of a board or commission.

The application of these previous decisions to the instant case was not considered in the opinion of the Supreme Court. Rather, it was ruled that the temporary absence of a member of the commission was not harmful because the evidence which he did not hear was inconsequential and immaterial. It is true that the probative value of testimony may be weighed in considering whether its admission or rejection constituted harmful error. It is quite another matter, however, to rule as a matter of law on the potential effect that certain testimony would have, or would not have, on the opinions and conclusions formed by one of the members who participates in the deliberations and vote of the commission.

It is certainly desirable that these *quasi*-judicial bodies be capable of conducting fair and impartial trials without necessity of review by an appellate court. However, if the principle stated in the Supreme Court is followed, it would require that such bodies attempt to weigh the value of evidence not heard by a temporarily absent member in order to determine whether he is properly entitled to participate in the final voting. We think it is much more fair and logical to rule, as was done in the above cited cases, that the error lies in permitting the participation of a member who has not heard all of the testimony, without attempting to consider the nature and value of the testimony which he did not hear.

For the reasons expressed above the judgment of the court below is reversed.

502

For affirmance—WACHENFELD, J. 1.

For reversal—THE CHANCELLOR, CHIEF JUSTICE, BODINE, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 10.