132 N.J. Super. 6 (1974)
331 A.2d 620
MICHAEL SABIA, JR. AND JOSEPH M. CORRIGAN, APPELLANTS,
v.
CITY OF ELIZABETH AND CIVIL SERVICE COMMISSION, STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1974.
Decided December 30, 1974.
*10 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. Ira D. Dorian argued the cause for appellants (Mr. Matthew Grayson, attorney).
Mr. Raymond S. Londa argued the cause for respondent City of Elizabeth (Mr. Frank P. Trocino, City Attorney, attorney).
Mrs. Erminie L. Conley, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by ALLCORN, J.A.D.
The present appeal has been brought by appellants, police officers of the City of Elizabeth, to review the determination of the Civil Service Commission which found both appellants to have been guilty of breaches of departmental regulations and imposed a penalty of suspension from duty for a period of six months. The motion of appellants pending appeal to enlarge the record by filing the supplemental affidavit annexed to the moving papers is granted.
At the outset, we take occasion to observe that the proofs before the Civil Service Commission were more than sufficient to establish that, while partners on radio car patrol duty during the early morning hours of June 27, 1970, appellants broke into the office shack at the premises used by the City to store abandoned automobiles, and stole therefrom a gallon container of paint and two radios. So compelling was the evidence that, in addition to imposing the *11 maximum penalty available to it, the Civil Service Commission further provided in its order "that the matter be referred to the Division of Criminal Justice in the Office of the Attorney General for their consideration."
We concur with the findings and conclusions of the Civil Service Commission, and find the penalty imposed to be well-warranted. The contention that the evidence against appellants was insufficient to support the findings of the Commission and that the findings should be set aside as arbitrary and capricious, is manifestly frivolous. Equally without substance is the contention that the Commission determination is invalid by reason of its failure to set forth thereon the identity of the members of the Commission "who judged the matter."
Likewise, we perceive no merit in the challenge to the validity of the determination by reason of (1) the asserted omission to place into evidence the rules and regulations charged to have been violated by appellants, and (2) the failure to prove that such rules and regulations "had been enacted by ordinance." The record indicates that the rules and regulations in question were specifically set forth in full in the charges, and that neither appellant previously raised any question as to their content or the propriety of the manner of their adoption. N.J.S.A. 40:47-1; N.J.S.A. 40A:14-118. In any event, when dealing with misconduct of the nature of that here involved, a finding of guilt "need not be predicated upon the violation of any particular regulation or rule." City of Asbury Park v. Dept. of Civil Service, 17 N.J. 419, 429 (1955). Employed to enforce the law and sworn to uphold the law, a police officer who breaks into a locked shack and steals personal property therefrom is guilty of blatant misconduct in his office and plainly violates his oath. Upon proof thereof at a hearing on notice setting forth the essentials of the misconduct charged, he merits the most stringent discipline. Id.
*12 Appellants next argue that, because the departmental hearing at the municipal level resulted in a dismissal of the charge that appellants had violated the criminal law, this "could only mean that defendants did not commit the acts under the remaining charges," and thus the hearer "could not find that defendants did commit the [same] acts under the remaining charges"  and by reason thereof the de novo hearing by the Commission was "barred by prohibition against double jeopardy, res judicata and collateral estoppel." Quite aside from the circumstance that the point is raised for the first time on this appeal, it is specious. In our view, a final judgment of conviction of crime by a court of competent jurisdiction is an essential to a finding of guilt upon a departmental disciplinary charge of having violated the criminal law. Where the conduct of a public employee which forms the basis of disciplinary proceedings may also constitute a violation of the criminal law, however, the absence of a conviction, whether by reason of nonprosecution or even acquittal, bars neither prosecution nor finding of guilt for misconduct in office in the disciplinary proceedings. In re Pennica, 36 N.J. 401 (1962); In re Darcy, 114 N.J. Super. 454 (App. Div. 1971). Compare, Atkinson v. Parsekian, 37 N.J. 143 (1962); Dept. of Law and Public Safety v. Miller, 115 N.J. Super. 122 (App. Div. 1971).
Improper though it may have been, the non-disclosure by the City of the identity of the eyewitness (Fehring) until the de novo hearing before the Commission, caused appellants no real prejudice. Specifically, the appellants assert that nondisclosure was prejudicial in that it deprived them of "an adequate opportunity to prepare for trial"  "to interview * * * [the witness] in preparation for trial," "to test his powers of observation, to attack his credibility." In spite of their asserted concern, in the seven or more months that intervened between the decision at the municipal level (October 26, 1972) and the de novo Commission hearing (June 13, 1973), appellants took no action *13 whatever to compel the City to make disclosure so that they might interrogate or interview the witness, or otherwise prepare themselves to meet his testimony; nor, once his identity was disclosed at the de novo hearing, did appellants seek any delay for such purposes.
Moreover, the substance and details of the testimony of this witness at the de novo hearing could have come as no surprise to appellants. It had been related testimonially by Captain Truzack, as well as set forth in the written report of Lieutenant Gogelman, received in evidence at the departmental hearing. The record of the de novo hearing reveals a complete and thorough cross-examination of the witness by counsel for appellants. In short, the non-disclosure in no way deprived appellants of a fair hearing at the Commission level. Kelly v. Sterr, 62 N.J. 105, 107 (1973), cert. den. 414 U.S. 822, 94 S.Ct. 122, 38 L.Ed.2d 55 (1973).
Next, the appellants challenge the delay in preferring charges against them for 22 months following the occurrence, as a deprivation of due process. It is undisputed that the entry and theft took place on June 27, 1970. The police department conducted an immediate investigation which was all but completed in late August or early September, 1970, including comparison analyses by Edel Laboratories of the markings on the broken bolt and lock with those on the emergency crowbar and ax carried in the patrol car used by the appellants that night. The matter appears to have been thereupon referred for action by the City police officials to the Prosecutor of Union County, pending which departmental disciplinary proceedings quite properly were deferred. There the matter rested without any action by the Prosecutor for approximately fourteen months, until December 7, 1971, when the Prosecutor wrote the police chief, as follows:
Apparently the original incident report and appendices which you sent us in September were mislaid.
*14 Thank you for bringing this matter to our attention by your letter of November 29, 1971.
In view of the fact situation I concur with your recommendation for departmental disciplinary proceedings in this matter. Criminal complaints do not seem in order unless a stronger case could be demonstrated but the situation is upsetting and should be permanently rectified insofar as these officers may be concerned, assuming the facts to be as indicated.
The departmental charges were filed on May 3, 1972.
Contrary to the concept advanced by appellants, a departmental disciplinary proceeding is in no way a criminal or quasi-criminal proceeding and, consequently, respondents in such a proceeding do not come within the shield of the various constitutional guarantees accorded persons accused of a crime. Departmental disciplinary proceedings are civil in nature; requirements of due process are satisfied so long as proceedings are conducted with fundamental fairness, including adequate procedural safeguards. Kelly v. Sterr, supra.
The mere delay in the filing of charges, without more, is not sufficient to justify the conclusion that there has been an intrusion of the due process rights of the employee. It must be shown that the delay did in fact prejudice the employee in meeting and defending against the charges. Long v. Daly, 6 N.J. Misc. 495 (Sup. Ct. 1928), aff'd 105 N.J.L. 492 (E. & A. 1929); Monroe v. Civil Service Com'n of City of Waukegan, 55 Ill. App.2d 354, 204 N.E.2d 486 (Ct. App. 1965). Compare, United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).
No such prejudice is present here. Although appellants protest that, after twenty-two months, they were unable to recall the events of their tour of duty on June 26-27, 1970 and suggest that they were unaware that they were suspected of wrongdoing, the record is clear that they both were questioned about the matter in August, 1970, at which time appellant Corrigan admits having been told "I had a right to an attorney and to remain silent, and if I *15 want to take a lie detector test." At all events, the passage of time could not have dimmed the recollection of either appellant as to whether he had or had not committed the acts with which he was charged. Compare, State v. Roundtree, 118 N.J. Super. 22, 29 (App. Div. 1971). Nor was there any prejudice arising as a result of the death of Lieutenant Gogelman, one of the investigating officers. His detailed report was available to appellants at both hearings and, indeed, was marked in evidence at the departmental hearing. So far as concerns the destruction of the slip bearing the notation of the registration number of the patrol car, that same information was related to Captain Truzack on the date of the incident and by him incorporated into a written report, which was available to the appellants and admitted into evidence at both the hearings.
Appellants next argue that the Commission was without the power and authority to increase the penalty that had been imposed at the municipal level. Upon the basis of his findings, the City Police Director imposed a penalty against each of appellants aggregating 30 days suspension from duty, without pay. Conceiving such penalty to be inadequate in light of the serious nature of the dereliction of duty, the Commission on the de novo hearing increased the penalty to the maximum available to it, namely, six months suspension from duty without pay for each appellant.
The duty and authority of the Civil Service Commission on an appeal to it from a disciplinary proceeding at the municipal level are spelled out in N.J.S.A. 11:15-6:
The commission shall, within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, render a decision to be forthwith certified to the appointing authority who shall forthwith enforce the same.
The decision shall state whether the removal of the employee is approved, or whether he is to be restored to his position without loss of pay, transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded or otherwise dealt with.
The commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or *16 substitute another penalty for that imposed, except that removal from the service shall not be substituted for a lesser penalty.
The foregoing provisions were made expressly applicable to appeals in all cases where the penalties imposed at the appointing authority level were less than removal; at the same time, the Commission was specifically granted "the same power of revoking or modifying the action of such [appointing] authority, as * * * provided in section 11:15-2 to 11:15-6." N.J.S.A. 11:2A-1.
Looking to the pertinent language of N.J.S.A. 11:15-6, the power therein granted to the Commission to modify, amend or substitute for the penalty originally imposed, another penalty which it deems more appropriate in the circumstances, is not restricted explicitly or implicitly to a penalty less stringent than that imposed by the appointing authority. If, in the face of this plain and unambiguous intent, any doubt should remain, it is at once dispelled by the concluding phrase of the cited section  that, in substituting "another penalty for that imposed, * * * removal from the service shall not be substituted for a lesser penalty. Id. Inasmuch as removal from service is the most stringent penalty assessable, manifestly implicit in the last quoted language is the authority to substitute a greater penalty in place of a lesser penalty. The cited phrase is meaningless otherwise. See, West New York v. Bock, 38 N.J. 500, 519-520 (1962).
In reaching this conclusion, we are not unmindful of the decision of our Supreme Court in State v. De Bonis, 58 N.J. 182, 188 (1971) that, "as a matter of policy and apart from constitutional compulsion, a defendant who appeals from a municipal court [conviction] should not risk a greater sentence [if he is again found guilty upon the de novo trial in the county court]." We note parenthetically that the constitutional question was disposed of favorably to the State in Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), subsequent to the decision in De Bonis. Unlike the situation in De Bonis, we are here *17 dealing with a policy already plainly declared by the Legislature of this State in N.J.S.A. 11:15-6 which, absent some constitutional or other invalidating infirmity, we are bound to follow. Newark v. Fischer, 8 N.J. 191, 196-197 (1951). See, West New York v. Bock, supra, 38 N.J. at 520 (1962).
Lastly, appellants attack the increase in the penalty imposed as arbitrary and capricious and thus unlawful, in light of the disciplinary charges of which they were found guilty. As indicated earlier, the activities of which these appellants were found guilty merited a penalty of nothing less than dismissal from the service  and we have difficulty in comprehending the reasons for the indulgence displayed by the Police Director in imposing a penalty aggregating a mere thirty days suspension from duty. Be this as it may, the six month suspension imposed by the Commission was entirely warranted and reasonable, inasmuch as the Commission was without the authority to impose a penalty of any greater magnitude. N.J.S.A. 11:15-6; West New York v. Bock, supra, at 525.
Affirmed.