589 P.2d 198

**Fred M. REID, Petitioner-Appellant,**

v.

**NEW MEXICO BOARD OF EXAMIN-
ERS IN OPTOMETRY,
Respondent-Appellee.**

No. 11785.

Supreme Court of New Mexico.

Jan. 15, 1979.

Sommer, Lawler & Scheuer, Standley & Suzenski, Santa Fe, for petitioner-appellant.

Toney Anaya, Atty. Gen., Mary Anne McCourt, Bruce Kohl, Asst. Attys. Gen., Santa Fe, for respondent-appellee.

## OPINION

McMANUS, Senior Justice.

Following an administrative hearing, the New Mexico Board of Examiners in Optometry rendered a decision revoking Dr. Fred M. Reid's license to practice. Reid appealed to the District Court of Santa Fe County. The district court affirmed the Board's decision. Reid now appeals the decision of the district court. We reverse.

Upon receipt of a complaint, the Board initiated disciplinary proceedings against Dr. Reid. The Board accused Reid of having made sexual advances to female patients in violation of § 61–2–8(B), N.M.S.A. 1978 [formerly § 67–1–7(B), N.M.S.A.1953 (Repl.1974)] and Rule No. 4 of the New Mexico Board of Examiners in Optometry. Prior to the scheduled administrative hearing, Reid disqualified two of the five board members pursuant to § 61–1–7, N.M.S.A. 1978 [formerly § 67–26–7, N.M.S.A.1953 (Repl.1974)]. After the hearing commenced, Reid moved to disqualify Dr. Carl Zimmerman on the basis of bias or pecuniary interest. Reid's motion was denied on the ground that there was no good cause for disqualification. Reid's motion to disqualify the entire Board for prejudice, bias, or pecuniary interest was also denied. Reid then moved to dismiss the proceedings because they were brought under an inapplicable statute and because they were brought under a statute and regulation which were unconstitutionally vague. The Board denied both of these motions.

In his appeal to the district court, Reid objected to the Board's refusal to disqualify its members and to the Board's failure to dismiss the charges. Reid also argued that the Board's decision was arbitrary, capricious, and not supported by substantial evidence. The district court decided in favor of the Board on all these issues. Reid raises essentially the same issues in his appeal to this Court.

Reid's first contention is that the Board's failure to disqualify Dr. Zimmerman for bias denied him due process of law. Prior to the hearing, the Board heard testimony concerning Dr. Zimmerman's ability to hear the case. Carol Pederson, a former secretary to Dr. Reid, testified as to a conversation she had with Dr. Zimmerman. Ms. Pederson testified that upon mentioning to Dr. Zimmerman that she was leaving Reid's employment, Dr. Zimmerman replied that ". . . it didn't matter . . . because Dr. Reid would be losing his license soon anyway, or wouldn't be practicing soon anyway . . ." On voir dire examination, Dr. Zimmerman admitted making the statement. However, Dr. Zimmerman also testified that he could render a fair and impartial decision.

■ Reid argues that Dr. Zimmerman's testimony clearly constitutes prejudgment of the charges brought against him. Thus, the failure of the Board to disqualify Dr. Zimmerman plainly denied him due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and under Article II, Section 18 of the New Mexico Constitution. The Board contends its action was proper because, although Dr. Zimmerman admitted to making a prejudicial statement, he also testified that he could render a fair and impartial decision. We agree with Dr. Reid.

■ "The Fourteenth Amendment guarantees every citizen the right to procedural due process in state proceedings." *Matter of Protest of Miller,* 88 N.M. 492, 497, 542 P.2d 1182, 1187 (Ct.App.1975, *cert. denied,* 89 N.M. 5, 546 P.2d 70. In *Miller,* the Court of Appeals stated:

By "procedural due process" we mean the following:

Procedural due process, that is, the element of the due process provisions of the Fifth and Fourteenth Amendments which relates to the requisite characteristics of proceedings seeking

to effect a deprivation of life, liberty, or property, may be described as follows: one whom it is sought to deprive of such rights must be informed of this fact (that is, he must be given notice of the proceedings against him); he must be given an opportunity to defend himself (that is, a hearing); *and the proceedings looking toward the deprivation must be essentially fair.* (Citation omitted.)

(Emphasis added.)

*Id.* at 497–98, 542 P.2d at 1187–88. In other words, a state cannot deprive any individual of personal or property rights except after a hearing before a fair and impartial tribunal.

■ At a minimum, a fair and impartial tribunal requires that the trier of fact be disinterested and free from any form of bias or predisposition regarding the outcome of the case. *See Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); *National Labor Relations Board v. Phelps,* 136 F.2d 562 (5th Cir. 1943). In addition, our system of justice requires that the appearance of complete fairness be present. *See Wall v. American Optometric Association, Inc.,* 379 F.Supp. 175 (N.D.Ga.1974), *aff'd,* 419 U.S. 888, 95 S.Ct. 166, 42 L.Ed.2d 134 (1974). The inquiry is not whether the Board members are actually biased or prejudiced, but whether, in the *natural course* of events, there is an indication of a possible temptation to an average man sitting as a judge to try the case with bias for or against any issue presented to him. *See generally Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1974).

■ These principles apply to administrative proceedings as well as to trials. *Matter of Protest of Miller, supra.* When government agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process. *Hannah v. Larche,* 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). The rigidity of the requirement that the trier be impartial and unconcerned in the result applies more strictly to an administrative adjudication where many of the customary safeguards affiliated with court proceedings have, in the interest of expedition and a supposed administrative efficiency, been relaxed. *National Labor Relations Board, supra.*

In the case before us, Dr. Zimmerman admitted making a statement indicating his bias and prejudgment of the issues. According to the principles outlined above, the Board's failure to disqualify Dr. Zimmerman clearly violated Reid's constitutional right to procedural due process.

■ The Board argues that even if the Court should find that Dr. Zimmerman was biased, § 61–1–7 does not allow for disqualification where exercise of this privilege would result in the absence of a quorum. We refuse to accept the Board's argument. Any utilization of § 61–1–7 which has the effect of allowing an administrative hearing, punitive in nature, to be conducted by a patently prejudiced tribunal must necessarily violate the due process provisions of the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Section 18 of the New Mexico Constitution.

Therefore, we reverse the decision of the district court upholding the Board's refusal to disqualify Dr. Zimmerman. We remand the case to the Board so that Dr. Reid will have the opportunity to present all his defenses before a fair and impartial tribunal.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.