166 N.J. Super. 284 (1979)
399 A.2d 997
IN THE MATTER OF THE DISCIPLINARY HEARING OF LAWRENCE BRUNI, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1979.
Decided February 23, 1979.
*285 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Timothy J.P. Quinlan argued the cause for appellant (Messrs. Quinlan, Dunne & Kelley, attorneys).
Mr. Robert E. Birsner argued the cause for respondent Township of Winslow (Messrs. Maressa and Wade, attorneys).
The opinion of the court was delivered by BISCHOFF, J.A.D.
The sole issue involved in this appeal is whether a County Court judge, sitting in de novo review *286 proceedings of municipal action regarding the discipline of a police officer pursuant to N.J.S.A. 40A:14-150, may increase the severity of the discipline previously imposed by the municipality.
Appellant Lawrence Bruni, a policeman in the Township of Winslow, was charged by a police sergeant on January 6, 1977 with violating six rules and regulations of the township police department and was suspended by Chief Stowell for 15 days.
On February 8, 1977 Chief Stowell dismissed Bruni effective February 9, 1977 on eight additional charges of violating departmental rules and regulations and municipal ordinances. Bruni appealed both the dismissal and the suspension and a hearing was held before the Mayor and Director of Public Safety of the township. Since the Township of Winslow has not adopted Civil Service, these review proceedings were conducted pursuant to N.J.S.A. 40A:14-147 and N.J.S.A. 40A:14-148. After this departmental hearing Bruni was found not guilty of incompetence but found guilty of seven charges of violating rules and regulations regarding: (1) appearance, (2) breach of discipline, (3) discourtesy or insolence, (4) neglect or disobedience of orders, (5) insubordination, (6) failure to make a written report and (7) incapacity for duty arising from a lack of education. The dismissal imposed by the chief was modified by the mayor to (1) suspension for approximately two months, (2) probation for nine months, (3) the requirement that Bruni obtain a high school equivalency certificate and (4) that he pass a test in police investigating techniques.
Bruni appealed to the County Court pursuant to N.J.S.A. 40A:14-150. At the hearing on that appeal the parties stipulated that the court should use the transcript of the hearing before the mayor as the record on appeal, to be supplemented by testimony and argument of counsel.
In a letter opinion the county judge found Bruni guilty of the same seven charges of which he had been found guilty by the mayor and concluded that the facts underlying the "violations of Officer Bruni compel his dismissal as a police *287 officer of Winslow Township." An order of dismissal was entered.
Before the County Court Bruni conceded guilt of the charges against him and only contested the severity of the penalty imposed by the mayor. On appeal to this court Bruni does not challenge the determination of guilt. Nor does he assert that the dismissal from employment imposed by the County Court is excessive in the abstract.
Bruni's sole contention is that "any penalty entered pursuant to an appeal brought under N.J.S.A. 40A:14-150 cannot be greater than that initially imposed." That statute provides in pertinent part as follows:
Any member or officer of a police department or force in a municipality wherein Title 11 (Civil Service) of the Revised Statutes is not in operation, who has been tried and convicted upon any charge or charges, may obtain a review thereof by the County Court of the county wherein such municipality is located. * * * The County Court shall hear the case de novo and may either affirm, reverse or modify such conviction. If the applicant shall have been removed from this office, employment or position the court may direct that he be restored to such office, employment or position and to all his rights pertaining thereto, and may make such other order or judgment as said court shall deem proper.
Appellant's two arguments may be summarized as follows:
(1) It would be a denial of due process to empower a judge to impose a more severe penalty on an appeal and trial de novo as that would have a chilling effect upon the exercise of the right to appeal the initial determination of the municipal body; and
(2) Public policy requires that disciplined policemen be given the opportunity to seek a redetermination by the County Court without incurring the risk of a higher penalty.
We find the "due process" argument to be without merit.
In Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the court rejected a challenge on due process and double jeopardy grounds to the imposition of *288 a higher sentence after a trial de novo of a misdemeanor in a two-tiered trial structure not dissimilar to that presented by the statute in question here. N.J.S.A. 40A:14-150. It follows that if the imposition of a harsher sentence after a trial de novo of a criminal or quasi-criminal offense does not violate principles of due process, there is no due process problem raised by the imposition of a higher penalty on a trial de novo of disciplinary charges which are civil rather than criminal in nature. Sabia v. Elizabeth, 132 N.J. Super. 6, 16-17 (App. Div. 1974); see Kelly v. Sterr, 62 N.J. 105, 107, cert. den. 414 U.S. 822, 94 S.Ct. 122, 38 L.Ed.2d 55 (1973).
Bruni's argument that imposition on appeal after a trial de novo of a penalty more harsh than that being appealed violates public policy is more persuasive. He relies on State v. DeBonis, 58 N.J. 182 (1971), where defendant entered a plea of guilty in municipal court to motor vehicles charges and was fined. He appealed the sentence to the County Court where, after a trial de novo, jail sentences were imposed. Defendant again appealed contending the County Court should not impose a heavier sentence than did the court from which he appealed. The Supreme Court agreed and said:

* * * * * * * *
[W]e need not pursue the inquiry in constitutional terms, for we are satisfied that as a matter of policy and apart from constitutional compulsion, a defendant who appeals from a municipal court should not risk a greater sentence. In reaching that conclusion, we are mindful of the reason for a trial de novo in these matters. The Legislature long ago provided for a retrial at the county level because of the weaknesses inherent in the system of local courts whose judges were locally appointed, served part-time, and frequently were not even members of the Bar. A structure of that kind could not command the complete confidence of the public. [State v. DeBonis, 58 N.J. at 188]
Bruni advances the argument that similar considerations arising from the nature of the municipal disciplinary hearing and the qualifications of the hearer compel the *289 adoption of a similar limitation on the power to "modify a conviction" statutorily vested in the county court by N.J.S.A. 40A:14-150. This position is supported by the statement of the sponsor of the statute which originally authorized a trial de novo of municipal police disciplinary action, L. 1935, c. 29:
The object of this act is to provide redress for members of the police department who are discharged for political reasons. In some of the smaller municipalities of the State, the officer or board who tries members of the police department for infraction of the rules are often the very men who make the charges against them and are prejudiced. The officer does not get a fair trial, and there is no redress. At present, a certiorari may be taken if allowed, to the Supreme Court, but the Supreme Court will not review the evidence in the case except to find if there is the slightest evidence against the accused, then in that event the Supreme Court will not interfere with the case notwithstanding that the great preponderance of evidence may be in his favor. Under the present bill this injustice will be done away with and policemen will have the right in case he feels that he is dealt with by a prejudiced official to have a new trial before an impartial judge.
This act does not apply where the Civil Service act has been adopted.
While the statute has had several revisions since it was adopted in 1935, it is clear that the intent of the Legislature remains to provide policemen in non-Civil Service communities with an independent tribunal for the review of disciplinary action.
In Civil Service communities the review provided is through administrative channels to the Civil Service Commission and then to the Appellate Division. N.J.S.A. 11:15-1 et seq. West New York v. Bock, 38 N.J. 500 (1962); New Jersey Department of Corrections v. Torres, 164 N.J. Super. 421 (App. Div. 1978); Sabia v. Elizabeth, supra. R. 2:2-3(a) (2). A significant distinction in the two procedures is that while the Legislature empowered the Civil Service Commission on a review of disciplinary proceedings to "modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed," it *290 specifically withheld the authority to substitute the penalty of "removal from the service" for a lesser penalty. N.J.S.A. 11:15-6; Sabia v. Elizabeth, supra 132 N.J. Super. at 16.
Both parties argue that various principles of statutory construction support their positions. Bruni contends that principles of criminal law which prohibit increased penalties upon a retrial are analogous and controlling, citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969); North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), while respondent argues that the plain meaning of the word "modify" as it appears in the statute granting the County Court jurisdiction to hear the appeal, empowers the court to modify the sentence to either a greater or a lesser penalty. And, citing Newark Housing Auth. v. Norfolk Realty Co., 71 N.J. 314 (1976), and Sabia v. Elizabeth, supra, respondent concludes that the power to conduct a trial de novo without restrictions empowers a court to impose any judgment it deems necessary within its discretion.
Respondent also points to comparable review power granted to the Civil Service Commission by N.J.S.A. 11:15-1 et seq., where the power to dismiss as a substitute penalty was specifically withheld and argues that in the absence of a specific provision in the applicable non-Civil Service statute withholding the power to dismiss from the County Court, it must be presumed to be within the scope of the power to modify.
We are entirely satisfied that the Legislature, by the enactment of N.J.S.A. 40A:14-150, did not intend to vest the County Court with power to increase the penalty imposed by the borough. This statute was passed for the benefit of policemen to provide them with protection from arbitrary, unreasonable, biased or prejudicial action of municipal officials. It grants policemen the right to a de novo review of convictions upon charges of breaches of *291 discipline and sentences imposed. No similar right of review is granted to municipalities, nor is any needed, for it is the acton of the municipality that is the subject of the de novo review. It would violate the clearly expressed legislative intent should a policeman, who avails himself of the statutory review procedure, be subjected to the danger of an increased penalty. Such a risk would impose a chilling effect upon the exercise of the right conferred and render the statute of little value. Moreover, on the purely public policy ground articulated in a different factual context by the Supreme Court in State v. De Bonis, supra, we conclude that a policeman who appeals should not risk the imposition of a greater penalty. The right of appeal granted policemen by N.J.S.A. 40A:14-150 is of vital importance to them, and we have no hesitancy in declaring that both public policy and the expressed legislative intent are opposed to the existence of any impediment to its exercise.
We therefore hold that the statutory power conferred by N.J.S.A. 40A:14-150 upon the County Court to "modify any conviction" does not include the power to increase or enhance a penalty imposed by a municipality.
The judgment of dismissal entered in the County Court is reversed. The matter is remanded to the County Court for the imposition of a penalty consistent with this opinion.