667 P.2d 456

**George F. LUJAN, Petitioner-Appellant,**

**v.**

**NEW MEXICO STATE POLICE BOARD, Respondent-Appellee.**

No. 14456.

Supreme Court of New Mexico.

Aug. 4, 1983.

David R. Sierra, Sarah M. Singleton, Santa Fe, for petitioner-appellant.

Paul G. Bardacke, Atty. Gen., Robert D. Gardenhire, Asst. Atty. Gen., John W. Cassell, Sp. Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

PAYNE, Chief Justice.

George Lujan was terminated by the New Mexico State Police from his job as a

civilian supply agent. The New Mexico State Police Board upheld Lujan's termination, and the district court affirmed. On appeal, Lujan claims he was denied procedural due process because: (1) the Chairman of the State Police Board refused to disqualify himself against claims of bias and partiality; and (2) Assistant Attorneys General represented both the Board and the Police Chief. We affirm.

Prior to the termination hearing, Lujan moved to disqualify Mahlon Love, Chairman of the State Police Board, alleging that he was biased and incapable of rendering an impartial decision. Lujan based his motion upon two alleged "confrontations" he had with Love within the preceding two years. Lujan's motion was denied on the ground that there was no good cause for disqualification. Although Love presided at the hearing, he did not participate in the vote that upheld Lujan's termination.

■ Lujan did not argue that the decision was not supported by substantial evidence nor did he attack it on the merits. A challenge of a decision on pure procedural grounds as Lujan has done in this case is moot, unless the procedural defects violate some constitutional or statutory prohibition. *Accord United States v. Pratt,* 645 F.2d 89 (1st Cir.1981), *cert. denied,* 454 U.S. 881, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981) (noting that unless procedural delays in obtaining transcripts rise to the level of due process violation, no affordable remedies are available); *Micelli v. LeFevre,* 444 F.Supp. 1187 (S.D.N. Y.1978) (holding that statutory requirements for filing notice of appeal cannot be attacked on due process grounds in the absence of some showing that the failure to file resulted from ineffective assistance of counsel or improper conduct by the State); *cf. Shaw v. Stone,* 506 F.Supp. 571 (M.D.Ga. 1981), *aff'd,* 695 F.2d 528 (11th Cir.1983) (absence of the Chief Justice from oral argument does not create an error of constitutional due process proportions).

1. Lujan contends that Love's failure to disqualify himself denied him a fair hearing because the two alleged "confrontations" he had with Love amounted to at least the "appearance of bias" within the meaning of NMSA 1978, Code of Judicial Conduct Canon 3 (Rep.Pamp.1981 and Supp.1982). He relies on *Reid v. New Mexico Bd. of Examiners,* 92 N.M. 414, 589 P.2d 198 (1979).

In *Reid,* we reversed a Board of Examiners' decision revoking an optometrist's license to practice, because the Board failed to disqualify one of its members on the basis of bias. Although he admitted telling the optometrist's secretary that the optometrist would be losing his job, the Board member in *Reid* thought he could render a fair and impartial decision. The test we set forth in *Reid* was whether there is "any indication of a possible temptation to an average man sitting as a judge to try the case with bias for or against any issue presented to him." *Id.* at 416, 589 P.2d at 200; *see generally Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973).

■ The two incidents relied upon by Lujan to establish bias or an indication of possible temptation to try the case with bias differ substantially from the incident in *Reid.* The first incident occurred in September of 1979, when Love went to the supply room to obtain supplies from Lujan. Lujan testified at trial that he "made the transfer out, and * * * told [Love] that [the order] had to be approved by Captain Pickett." Upon Captain Pickett's approval, Lujan gave Love the requested items. The second incident occurred in September of 1980, when Love requisitioned a cap shield from the supply room. Lujan informed Love that he could not fill his order because Love was not on the list of personnel approved to requisition supplies, whereupon Love obtained approval for his order from Larry Montoya, another employee who was on the approved list. While Lujan was getting the cap shield, Love told Montoya, "I guess George [Lujan] doesn't understand. The Chief has told him thirteen or fourteen different times that I am the boss."

In our view, both incidents fall far short of showing a possible temptation to try the case with bias on the part of Love. Since the first incident merely indicates a casual

over-the-counter transaction between two people, it lacks the negative confrontation alleged by Lujan. Although in the second incident Lujan believes he "upset" Love, we search the record in vain for any conduct or harsh language on the part of Love that would indicate a "possible temptation of bias." In fact, the record shows that aside from these minor incidents both parties got along well.

■ 2. Lujan next contends that he was denied due process because both the Board and the Police Chief were represented by Assistant Attorneys General. We disagree.

Lujan neither alerted the Board or the district court of any conflicts or prejudice as a result of the nature of his representation, nor did he move to disqualify adverse counsel during the initial stage of the proceeding. On the contrary, he stipulated that the Police Chief's attorney neither counseled nor advised the Board on any matter pertaining to his termination. Moreover, we note that counsel for the Police Chief is paid by the New Mexico State Police, and his office is at the State Police complex in Santa Fe. In contrast, counsel for the Board is paid by the State Attorney General, and does not maintain an office at the Santa Fe State Police complex.

■ We agree with Lujan that a fair trial in a fair tribunal is an essential requirement of due process, and that this concept applies to administrative agencies as well as to courts. *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). Safeguarding this requirement is especially essential in administrative proceedings where certain basic rights are overlooked in the interest of administrative efficiency and expedition. *National Labor Relations Board v. Phelps,* 136 F.2d 562 (5th Cir.1943). Nevertheless, we find that Lujan's rights were not violated.

The decision of the district court is affirmed.

IT IS SO ORDERED.

FEDERICI, RIORDAN and STOWERS, JJ., concur.

SOSA, Senior Justice, respectfully dissenting.

SOSA, Senior Justice, dissenting.

I respectfully dissent. I believe that Mahlon Love, Chairman of the State Police Board, should have recused himself from presiding over Mr. Lujan's termination hearing. I would reverse and remand for a new hearing.

It is the general rule in New Mexico that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including * * * where: (a) he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. * * * " NMSA 1978, Code of Judicial Conduct Canon 3(C) (Supp. 1982). Such a rule is based on the principle that "the administration of justice *should reasonably appear to be disinterested* as well as be so in fact." *Public Utilities Commission v. Pollak,* 343 U.S. 451, 467, 72 S.Ct. 813, 823, 96 L.Ed. 1068 (1952) (Frankfurter, J., not participating) (emphasis added).

The principles behind disqualification requirements apply to adjudicatory procedures of an administrative tribunal as well as to a court. *Wall v. American Optometric Association, Inc.,* 379 F.Supp. 175 (N.D.Ga.), aff'd mem., 419 U.S. 888, 95 S.Ct. 166, 42 L.Ed.2d 134 (1974); 1 Am.Jur.2d *Administrative Law* § 63 (1962). New Mexico applies these principles to administrative proceedings. *Reid v. New Mexico Board of Examiners,* 92 N.M. 414, 589 P.2d 198 (1979). The basis for the standard for disqualification of an administrative hearing officer which is set forth in *Reid* is that "our system of justice requires that the appearance of complete fairness be present." *Reid,* 92 N.M. at 416, 589 P.2d at 200.

In the instant case, as in *Reid,* there was an appearance of impropriety. Although Mr. Love did not vote on the issue of termination, he did preside over the hearing.

Mr. Love also was present during the Board's deliberations on the issue of whether he should be disqualified. A review of the record reveals that Mr. Love thought that Mr. Lujan might have been trying to agitate him when Mr. Lujan refused to issue him supplies without appropriate authorization. In addition, at the beginning of the hearing, Mr. Love was a potential witness against Mr. Lujan. I would hold that because there was an appearance of impropriety, Mr. Love's failure to recuse himself constituted reversible error. I would reverse and remand for a new hearing before a State Police Board free from *even the appearance* of partiality.