740 P.2d 123

**BOARD OF EDUCATION OF the MELROSE MUNICIPAL SCHOOLS, Appellant,**

**v.**

**NEW MEXICO STATE BOARD OF EDUCATION, and James C. Wilkinson, Appellees,**

**STATE of New Mexico ex rel. BOARD OF EDUCATION OF the MELROSE MUNICIPAL SCHOOLS, Montey Welch, Wayne Pinnell, Don Gunn and Robert Bennet, in Their Official Capacity as Members of the Board of Education of the Melrose Municipal Schools, Cross-Appellees,**

**v.**

**NEW MEXICO STATE BOARD OF EDUCATION, James C. Wilkinson, Leonard J. Delayo, and the New Mexico State Department of Public Education, Cross-Appellants.**

Nos. 8054, 8332.

Court of Appeals of New Mexico.

June 25, 1987.

Robert D. Castille, Simons, Cuddy & Friedman, Santa Fe, for appellant and cross-appellees.

Roger D. Hardaway, Clovis, for appellee and cross-appellant James C. Wilkinson.

Hal Stratton, Atty. Gen., Carolyn Wolf, Leroy R. Warren, Asst. Attys. Gen., Santa Fe, for appellee and cross-appellant New Mexico State Bd. of Educ.

## OPINION

GARCIA, Judge.

This is an appeal from a decision by the New Mexico State Board of Education (State Board) reversing a decision by the Board of Education of the Melrose Municipal Schools (Local Board) discharging James C. Wilkinson, a teacher, for immorality and other good and just cause. On appeal, the Local Board urges that the State Board erred in reversing the credibility determinations of the Local Board and of the hearing officer without ever observing, hearing or reading any testimony of the witnesses, and that upon a review of the whole record, the State Board procedures were unfair and created a presumption of prejudice. The Local Board also argues that the decision of the State Board should be reversed because its members received ex parte communications from members of the Melrose community supporting Wilkinson. In its cross-appeal, the State Board urges improper issuance by the trial court in a separate proceeding of an alternative writ of mandamus directing that evidence of ex parte contact with the State Board be made part of the record of the proceedings. We reverse and reinstate the Local Board's discharge decision.

### FACTS

Wilkinson, a teacher coach, under contract with Melrose Municipal Schools for the academic years of 1982–1983 and 1983–1984, was discharged for "immorality and other good cause." The Local Board, after a hearing conducted under the provisions of NMSA 1978, Section 22–10–20 (Repl. Pamp.1984), that included the testimony of twenty-eight witnesses, found that Wilkinson had engaged in immoral conduct with one of the students at Melrose High School and attempted to engage in similar conduct with others. It also found the conduct occurred on the school premises and involved the physical touching of a female student's intimate parts. Wilkinson appealed the Local Board's decision to the State Board. *See id.* A de novo hearing was held by a hearing officer appointed by the State Board. The hearing officer made findings of fact and concluded as a matter of law that the Local Board established by a preponderance of the evidence that sufficient cause existed for Wilkinson's discharge and that the Local Board's decision should be affirmed.

The State Board was subjected to a blizzard of oral and written communications from members of the Melrose community which, in general, supported the good character of Wilkinson. The State Board rejected the Local Board's findings and those of its hearing officer although it took no evidence and, at the time of its vote, had not reviewed the transcript of either the Local Board hearing or the hearing conducted by its hearing officer. It found that the Local Board did not establish by a preponderance of the evidence that cause existed for Wilkinson's discharge.

The Local Board appealed the State Board's decision to this court and also brought mandamus proceedings in the district court to require the State Board to include in its record of proceedings evidence of the communications to and from the Melrose community respecting the character of Wilkinson. The trial court granted the mandamus.

## APPEAL FROM THE STATE BOARD DECISION

The State Board relies on *Board of Educ. of Alamorgordo Public Schools Dist. No. 1 v. Jennings,* 98 N.M. 602, 651 P.2d 1037 (Ct.App.1982), a case with remarkably similar facts. In *Jennings,* as here, the actual hearing by the State Board was before a hearing officer, with a report and recommended findings of fact and conclusions of law submitted to the State Board. In terms of the standard of review by the State Board, it was specifically held that the State Board did not have to hear new evidence, review the transcript of the hearing before the hearing officer or defer

to the hearing officer's decision. As in this case, the State Board adopted a decision contrary to the hearing officer's recommendation without having the benefit of the actual transcript of the hearing before it. We believe *Jennings* was incorrectly decided to the extent it permits the State Board to reach a decision contrary to the hearing officer's, particularly on issues involving the credibility of witnesses, without the State Board having reviewed the transcript of proceedings, as it relates to the issue involved. In his well-reasoned dissent in *Jennings*, Chief Judge Donnelly noted that:

> Although the State Board under § 22–10–20, *supra*, is not bound by the findings, conclusions or recommendations of its hearing examiner after a de novo hearing, *Board of Education v. New Mexico State Bd. of Ed.*[,] 88 N.M. 10, 536 P.2d 274 (Ct.App.1975), the Board's action in arriving at a contrary holding, without itself independently reviewing all of the evidence at the de novo hearing, and based upon a report of the hearing officer which it rejected, is contrary to the requirements of a fair hearing. This is especially true where the credibility of several key witnesses to the proceedings are a determinative factor in the Board's ultimate decision. *See McAlpine v. Garfield Water Commission*, 135 N.J.L. 497, 52 A.2d 759, 171 A.L.R. 172 (Ct.App. 1947); *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936). At a de novo hearing, the State Board serves as a quasi-judicial body. It has a duty to see that a fair hearing is held. *See First Nat. Bank v. Bernalillo Cty. Valuation*, 90 N.M. 110, 560 P.2d 174 (Ct.App.1977).

> \*　　\*　　\*　　\*　　\*　　\*

While the State Board is not bound to accept the findings of its hearing officer, nor to accept his recommended conclusions of law, fundamental fairness requires that when the State Board, in its role as a fact finder, elects to disregard the findings and conclusions of its own hearing officer and to arrive at a contrary result, it must review the entire record of the de novo hearing and based on a fair review thereof, arrive at its own

findings and conclusions of law \* \* \* \* Where, as in this case, the ultimate decision rests upon the credibility of \* \* \* major witnesses, a review of the hearing officer's report, without review of the entire record in the case, does not accord the fundamental due process.

*Id.* at 614, 651 P.2d at 1049. This holding is consonant with an established body of law. *See Morgan v. United States; Megill v. Board of Regents of Florida*, 541 F.2d 1073 (5th Cir.1976); *Crouse Cartage Co. v. United States*, 343 F.Supp. 1133 (N.D.Iowa 1972). This is particularly true where the State Board gave no legally valid reasons for its reversal, and the decisional issues necessarily rested on a determination of the credibilty of witnesses.

■ We note that our decision here does not affect the holding of *Jennings* to the effect that the State Board can reverse the decision of its hearing officer, without taking new evidence, even on points turning on the credibility of witnesses. We only require that before the State Board opts to reject the decision of its hearing officer, particularly when the credibility of the witnesses is at issue, that at the very least it review so much of the transcript of the proceedings before the hearing officer as is necessary to support its decision. *See Morgan v. United States* (to give substance to hearing officer making determinations must consider and appraise evidence justifying them). This may require review of the entire record. However, "[t]here is no requirement \* \* \* that each Board member individually inspect every line of the record as compiled by the Board and the hearing examiner." *Megill v. Board of Regents of Florida*, 541 F.2d at 1080. Of course, the State Board may, if it is not satisfied with the report of its hearing officer, hear new evidence. *See* State Bd. of Educ. Reg. No. 78–3 V(C)(2). The State Board must then determine whether the local school board established, by a preponderance of the evidence presented, that sufficient cause existed for its decision. § 22–10–20(G)(2). This does not mean that the State Board acts in the capacity of a reviewing body; rather, the "de novo provisions of the new

law allow the State Board to proceed with the action as if it had been originally commenced at the level of the State Board." *Board of Educ. of Albuquerque v. New Mexico State Bd. of Educ.*, 88 N.M. 10, 13, 536 P.2d 274, 277 (Ct.App.1975).

The Local Board complains that the State Board improvidently found that the Local Board did not establish sufficient cause for its discharge of Wilkinson by a preponderance of the evidence. We agree with the Local Board. As the reviewing court, we apply the whole record review standard of *Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.*, 101 N.M. 291, 681 P.2d 717 (1984), and find that, based on the whole record, substantial evidence does not support the decision of the State Board to reinstate Wilkinson.

The purpose of the de novo hearing was to determine two issues: (1) whether there was a prejudicial departure by the Local Board from the procedures required by statute or regulations of the State Board; and (2) whether the Local Board established by a preponderance of the evidence that sufficient cause existed for its decision. *See* § 22–10–20(G).

■ A teacher and two students testified to incidents where Wilkinson sexually touched them. Wilkinson denied these accusations, although he admitted to the possibility of his kissing one of the students on the lips. Aside from his denials, Wilkinson produced character witnesses who testified on his behalf. The teacher testified in detail to Wilkinson's unwelcome advances which included kisses, and pats on the teacher's buttocks. These incidents occurred in the school's gymnasium. The student victims testified in detail to Wilkinson's attempts to kiss them and, in one case, his fondling of the student's intimate parts. Both the Local Board and the hearing officer were persuaded as to the credibility of these witnesses and did not find Wilkinson's testimony credible. In light of the number of witnesses testifying to Wilkinson's sexual advances and the nature of their testimony, the Local Board did not act unreasonably in determining that the accusations were supported by a preponderance of the evidence. In reviewing the record as a whole, we, too, determine that a preponderance of the evidence supports the Local Board's decision to terminate. Substantial evidence does not support the State Board's decision, which we find to be arbitrary, capricious and unreasonable. *See* § 22–10–20(J)(1) & (2); *Board of Educ. of Albuquerque v. New Mexico State Bd. of Educ.* Thus, we reverse the State Board's decision and reinstate that of the Local Board.

■ The Local Board also argues that the decision of the State Board should be reversed because its members received ex parte communications from members of the Melrose community supporting Wilkinson. Because of the disposition of this case, it is not necessary to reach this point. However, we are compelled to comment that the proceeding before the State Board was an adjudicatory hearing. *See, e.g., Reid v. New Mexico Bd. of Examiners in Optometry,* 92 N.M. 414, 589 P.2d 198 (1979). An adjudicatory hearing must conform to fundamental principles of justice and procedural due process. *In re Miller,* 88 N.M. 492, 542 P.2d 1182 (Ct.App.1975). Principles of fundamental fairness require that the finder of fact in an adjudicatory proceeding be free from bias or interest. *See Lujan v. New Mexico State Police Bd.,* 100 N.M. 149, 667 P.2d 456 (1983); *Reid v. New Mexico Bd. of Examiners in Optometry.*

A school board is, in a sense, a hybrid. At times, it functions solely as an executive. At others, its function is quasi-judicial. In its executive capacity the board must be open and responsive to its constituency. However, when the board operates in a quasi-judicial manner as a factfinder in an adjudicatory proceeding, it must be circumspect and cautious to insulate itself from contacts which may improperly interfere with its adjudicatory responsibilities.

While we do not today decide whether the ex parte contacts in this case would rise to the level mandating a reversal, we feel obligated to express concern that a significant issue concerning the appearance of bias was raised by the parties.

Other issues and sub-issues raised by the parties have been considered and have either been rendered moot by our decision or are without merit. Therefore, we decline to address them.

Accordingly, the decision of the State Board is reversed and the discharge decision of the Local Board is reinstated.

IT IS SO ORDERED.

This court acknowledges the aid of attorneys William H. Oldaker, Stephen A. Slusher and Michael E. Vigil in the preparation of this opinion. These attorneys constituted an advisory committee selected by the Chief Judge of this court, and this court expresses its gratitude to them for their voluntary service and for the quality of their work.

BIVINS and APODACA, JJ., concur.