**Certiorari Granted, October 27, 2010, No. 32,570**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-100**

**Filing Date: August 12, 2010**

**Docket No. 28,846**

**CITY OF ALBUQUERQUE,**

**Petitioner/Appellee,**

**v.**

**JUAN B. MONTOYA, Director**
**of the PUBLIC EMPLOYEE LABOR**
**RELATIONS BOARD and the PUBLIC**
**EMPLOYEE LABOR RELATIONS BOARD,**

**Respondents/Appellants,**

**AFSCME COUNCIL 18 and LOCAL 624,**

**Real Party in Interest/Cross-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William F. Lang, District Judge**

Robert M. White, City Attorney
Shelley B. Mund, Assistant City Attorney
Albuquerque, NM

for Appellee

Gary K. King, Attorney General
Andrea R. Buzzard, Assistant Attorney General
Santa Fe, NM

for Appellants

Youtz & Valdez, P.C.
Shane C. Youtz

1

Albuquerque, NM

for Cross-Appellant

**OPINION**

**WECHSLER, Judge.**

**{1}** Appellants Juan B. Montoya, Director of the Public Employees Labor Relations Board (the PELRB), the PELRB, and AFSCME Council 18 and Local 624 (the real parties-in-interest) appeal the district court's denial of their motion to dismiss and grant of a writ of prohibition and/or superintending control (the Writ) prohibiting the PELRB from exercising jurisdiction over the prohibited practices complaint (PPC) before it. Appellants argue that the grandfather clause in the Public Employee Bargaining Act (PEBA), NMSA 1978, §§ 10-7E-1 to -26 (2003, as amended through 2005), does not apply to the ordinance at issue in this case and that, therefore, the PELRB had jurisdiction over the PPC. Appellants also make several procedural arguments as to why the district court lacked jurisdiction, including that (1) no inferior tribunal had yet acted or been presented with the PPC or the grandfather clause issue; (2) Appellee City of Albuquerque had not yet exhausted its administrative remedies; (3) the issues were not yet ripe for adjudication; (4) no "emergency" warranted the issuance of the ex parte writ; and (5) Rule 1-012(A) NMRA accords Appellants the opportunity to answer after the denial of their motion to dismiss. We hold that the ordinance establishing Appellee's labor board is not eligible to be grandfathered pursuant to Section 10-7E-26(A). Because we so hold, we need not address Appellants' remaining procedural issues. We reverse the district court's grant of the Writ and denial of Appellants' motion to dismiss and remand for further proceedings.

**BACKGROUND**

**{2}** The facts relevant to this appeal are not in dispute. Appellee enacted a Labor-Management Relations Ordinance (the Ordinance) in 1974 that governs collective bargaining with the city. Albuquerque, N.M., Code of Ordinances ch. 3, art. 2, §§ 1 to 18 (1974). The Ordinance establishes a labor board (the Local Board) to oversee administration of the Ordinance. Section 3-2-15. The Local Board is comprised of three appointees—a "labor" appointee who is appointed by the committee of union representatives, a "management" appointee who is appointed by the mayor, and a "neutral" appointee who is appointed by the other two Local Board members. Section 3-2-15(A)-(C). If one of the appointed Local Board members is absent, "the President of the City Council shall appoint an interim [Local] Board member from the public at large with due regard to the representative character of the [Local] Board." Section 3-2-15(D).

**{3}** On June 15, 2007, AFSCME filed a PPC with the Local Board based on the contention of an employee that Appellee refused to hire him for a position based on his union activities. The Local Board conducted a full evidentiary hearing, after which the

2

neutral member recused. The remaining members were unable to reach an agreement on the complaint. On October 18, 2007, as a result of the recusal of the third Local Board member and the inability of the remaining members to agree on the complaint, AFSCME filed an identical PPC with the PELRB. On November 9, 2007, Appellee moved to dismiss the PPC filed with the PELRB, asserting that an interim third neutral member could, in accordance with the Ordinance, be appointed by the president of the city council. Appellee also filed a motion with the Local Board to appoint a third, neutral, interim board member under Section 3-2-15 of the Ordinance.

**{4}** The PELRB set the motion to dismiss the PPC for hearing on January 2, 2008. However, the Local Board continued to proceed and, on January 8, 2008, ordered the parties to agree to a third neutral member or, if they could not, ordered the two remaining board members to select the third member. Thereafter, on January 22, 2008, because the parties and the board members were unable to arrive at an agreement as to the third neutral member, the Local Board petitioned the president of the city council for appointment of a third member. On February 7, 2008, the PELRB issued findings of fact and conclusions of law, stating that, despite the orders of the Local Board, the Ordinance created an "unacceptable method for appointment of labor board members pursuant to the [PEBA] and is therefore not to be used for that purpose." The PELRB further concluded that Appellee's "method of temporary appointment of board members, in case of an absence by an already permanently appointed board member, is contrary to the fundamental provision of the [PEBA] requiring a local board be balanced in that one member is appointed upon the recommendation of labor, another upon the recommendation of management and those two, together, recommend the third party neutral." *See* § 10-7E-10. The PELRB therefore denied Appellee's motion to dismiss the PPC before the PELRB, asserting that it would "exercise its jurisdiction and hear this case."

**{5}** On February 28, 2008, Appellee filed the petition for the Writ, arguing that the PELRB lacked jurisdiction pursuant to Section 10-7E-26(A), the grandfather clause of the PEBA. The following day, the district court signed a peremptory writ of prohibition and/or superintending control. The PELRB and Director Montoya responded with a motion to dismiss, asserting that the issues before the court were not ripe. On May 1, 2008, the district court held a hearing and denied the motion to dismiss and made permanent the February 29 peremptory writ. The district court stated that Appellee "is grandfathered in under the appropriate state legislation and . . . the PELRB has no jurisdiction in this instance and, therefore, the [m]otion to [d]ismiss filed by the [PELRB and Director Montoya] is denied." The PELRB and Director Montoya filed a motion for reconsideration, which the district court denied. Appellants appeal the district court's order granting the Writ and denying the PELRB and Director Montoya's motion to dismiss for lack of jurisdiction.

**THE PEBA'S GRANDFATHER CLAUSE**

**{6}** Appellants argue that the district court erred in granting the peremptory writ of superintending control because the "'grandfather clause' . . . should not be expansively

construed to permit the employer to select two members of a three-member local labor board to adjudicate labor-management disputes, which is fundamentally contrary to [the] PEBA." To determine whether the grandfather clause applies to Section 3-2-15 of the Ordinance, "we must interpret the PEBA and make a determination of law," which we review de novo. *City of Deming v. Deming Firefighters Local 4521 (Deming)*, 2007-NMCA-069, ¶ 6, 141 N.M. 686, 160 P.3d 595. "Although we may afford some deference to [the PELRB]'s interpretation[, we] have the ultimate responsibility to interpret the law." *Id.*

**{7}** As we stated in *Deming*, in order for a labor-management policy to be exempt from some of the requirements of the PEBA, "(1) the public employer must have adopted a system of provisions and procedures permitting employees to form, join or assist any labor organization for the purpose of bargaining collectively through exclusive representatives and (2) the public employer must have taken such action prior to October 1, 1991." *Id.* ¶ 9 (emphasis, internal quotation marks, and citation omitted); *see also Regents of Univ. of N.M. v. N.M. Fed'n of Teachers (Regents)*, 1998-NMSC-020, ¶¶ 21, 34, 125 N.M. 401, 962 P.2d 1236 (discussing the grandfather clause of the PEBA and stating that the "system must be productive" to be grandfathered). The second requirement is easily met and is not disputed. We must, therefore, decide whether Section 3-2-15 of the Ordinance—allowing for the president of the city council to appoint an interim third member of the Local Board to resolve labor-management disputes—meets the requirement under the PEBA that employees be permitted to bargain collectively. *See Deming*, 2007-NMCA-069, ¶ 9; *see also Regents*, 1998-NMSC-020, ¶ 34 (stating that a system permitting employees to form, join, or assist a labor organization for the purpose of bargaining collectively "must . . . actually result[] in . . . the negotiation of existing collective bargaining agreements" (internal quotation marks and citation omitted)). If Section 3-2-15 does not meet this requirement, it is not eligible for grandfather status under the PEBA and, therefore, the PELRB would have jurisdiction. *See Deming*, 2007-NMCA-069, ¶¶ 11-12, 16 ("[I]f the grandfather clause applies, the PELRB does not have jurisdiction to rule on the merits of any claims that the [c]ity has not complied with the PEBA.").

**{8}** Section 3-2-15 of the Ordinance establishes that the Local Board must be comprised of a labor appointee, a management appointee, and a neutral appointee. However, Section 3-2-15(D) further provides that, if one of the appointed Local Board members is absent, "the President of the City Council shall appoint an interim [Local] Board member from the public at large with due regard to the representative character of the [Local] Board." The question, therefore, is whether this latter provision, allowing the president of the city council to appoint an interim member, violates the purpose of the PEBA to allow employees to bargain collectively.

**{9}** Appellee argues that the Ordinance "establishes an effective system of provisions that permits employees to form, join or assist any labor organization for the purpose of collective bargaining through exclusive representatives" and that the Ordinance was in existence prior to 1991, and, therefore, the Local Board "may continue to operate without reference to [the] PEBA so long [as] the [L]ocal [B]oard is not inconsistent with the overall intent of [the]

4

PEBA." Appellee argues that Section 3-2-15(D) does not inhibit neutrality on the Local Board because the president of the city council must appoint a third interim neutral member "with due regard to the representative character" of the Local Board. (Emphasis omitted.) While we do not disagree with Appellee's general proposition that the Ordinance establishes a system for collective bargaining, we are not persuaded that, in this case, the "specific provision[]" of the Ordinance, rather than the Ordinance as a whole, complies with the overall intent of the PEBA. *See Regents*, 1998-NMSC-020, ¶ 35 (stating that we construe the grandfather clause test "narrowly, holding that it applies to specific provisions of a public employer's policy rather than the policy as a whole").

**{10}** The PEBA requires that a local board, like the PELRB, be a balanced and, therefore, neutral body. *See* § 10-7E-10(B) (stating that a local board shall be composed of one member appointed on the recommendation of labor representatives, one appointed on the recommendation of management representatives, and the third appointed on the recommendation of the first two appointees); § 10-7E-8(A) (establishing the PELRB with one member appointed on the recommendation of labor representatives, one appointed on the recommendation of public employers, and the third appointed on the joint recommendation of the other two members). Even though Section 3-2-15(D) requires the president of the city council to appoint an interim member with deference to the representational character of the board, the president's effort to incorporate neutrality in an often highly polarized environment is not sufficient to uphold the integrity of the essential process. Indeed, as Appellants contend, allowing management personnel to appoint a third member on its own recommendation, even with deference to the board's representative character, is "particularly grievous in the context of an adjudicatory proceeding involving an employee who alleges that management passed him over for a job for which he was qualified simply because of his union activities." Section 3-2-15(D) of the Ordinance effectively removes from an employee the "bargaining" aspect of collective bargaining when it establishes a process whereby two-thirds of a local board could be comprised of appointees pursuant to management recommendations. Moreover, the shortcoming of Section 3-2-15(D) is not merely a difference of language. Rather, the failure of Section 3-2-15(D) to abide by the PEBA's requirement that a local board be balanced and, therefore, neutral affects the substantive and essential rights of public employees seeking to enforce their rights under the PEBA. *See* § 10-7E-10(B) (requiring a balanced local board with a third neutral member); § 10-7E-2 (stating that the purpose of the PEBA is "to guarantee public employees the right to organize and bargain collectively with their employers"); *see also Deming*, 2007-NMCA-069, ¶¶ 8-9 (explaining that the grandfather clause is an exception to the PEBA requirement and should therefore be construed narrowly to apply only to systems that permit public employees to collectively bargain).

**{11}** Additionally, we construe statutes as a whole and consider the provisions in relation to one another. *Regents*, 1998-NMSC-020, ¶ 28; *see also Deming*, 2007-NMCA-069, ¶ 14 (stating that "*Regents* requires that we interpret the grandfather clause in conjunction with the other provisions of the PEBA"). We will not construe statutes so as to render a portion of it surplusage or superfluous. *Regents*, 1998-NMSC-020, ¶ 28. To apply the PEBA's

5

grandfather clause to Section 3-2-15(D) in this case would essentially ignore Section 10-7E-10(B) of the PEBA, rendering as surplusage its requirement that a third neutral member of a local board be appointed pursuant to the recommendations of the other two members. In short, the provision of the Ordinance that allows for a public employer to select two members of the three-member Local Board to adjudicate labor-management disputes does not productively allow employees to collectively bargain, *Regents*, 1998-NMSC-020, ¶ 28, and, as such, violates the purpose of the PEBA, thereby failing the first requirement for acquiring grandfather status. *See* § 10-7E-2 (stating the purpose of the PEBA); *Deming*, 2007-NMCA-069, ¶ 9 (stating the requirements for acquiring grandfather status). The district court erred in granting the Writ and concluding that the PELRB did not have jurisdiction.

**CONCLUSION**

{12}   We reverse the district court's grant of the Writ and denial of the PELRB and Director Montoya's motion to dismiss, and we remand for further proceedings in accordance with this opinion.

{13}   **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**ROBERT E. ROBLES, Judge**

**Topic Index for *City of Albuquerque v. Montoya*, Docket No. 28,846**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-EX | Exhaustion of Administrative Remedies |
| | |
| **AE** | **APPEAL AND ERROR** |
| AE-FE | Fundamental Error |
| | |
| **EL** | **EMPLOYMENT LAW** |
| EL-CB | Collective Bargaining |
| EL-DS | Discrimination |
| EL-LU | Labor Unions |
| EL-UO | Union Organizing |

| | |
|---|---|
| **GV** | **GOVERNMENT** |
| GV-PE | Public Employees |
| | |
| **JD** | **JURISDICTION** |
| JD-DC | District Court |
| | |
| **RE** | **REMEDIES** |
| RE-WP | Writ of Prohibition |
| RE-SC | Writ of Superintending Control |
| | |
| **ST** | **STATUTES** |
| ST-AP | Applicability |
| ST-IP | Interpretation |
| ST-RC | Rules of Construction |