**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMSC-018**

**Filing Date: May 13, 2011**

**Docket No. 32,905**

**AMERICAN FEDERATION OF STATE,**
**COUNTY AND MUNICIPAL EMPLOYEES, et al.,**

    **Petitioners,**

**v.**

**HON. SUSANA MARTINEZ,**
**Governor of the State of New Mexico,**

    **Respondent,**

**and**

**STATE OF NEW MEXICO,**

    **Real Party in Interest.**

**ORIGINAL PROCEEDING**

Youtz & Valdez, P.C.
Shane Youtz
Albuquerque, NM

for Petitioners

Jessica Hernandez
Jennifer L. Padgett
Matthew J. Stackpole
Santa Fe, NM

for Respondent

**OPINION**

**CHÁVEZ, Justice.**

1

**{1}** May the Governor use the broad removal authority under Article V, Section 5 of the New Mexico Constitution to remove members of the Public Employee Labor Relations Board (PELRB) who have the responsibility to adjudicate the merits of disputes involving the Governor? We answer this question of first impression in the negative for three reasons. First, none of the PELRB members serve at the pleasure of the Governor because the Public Employee Bargaining Act (the Act) obligates the Governor to appoint one member recommended by organized labor, one member recommended by public employers, and one neutral member jointly recommended by these two appointees. Second, the Governor's responsibility under the Act and Article V, Section 4 of the New Mexico Constitution to "take care that the laws be faithfully executed" clearly requires that the Governor respect the Act's requirement for continuity and balance by not attempting to remove appointed members of the PELRB. Third, constitutional due process requires a neutral tribunal whose members are free to deliberate without fear of removal by a frequent litigant in that forum, such as the Governor. Accordingly, a writ of mandamus has issued ordering the reinstatement of PELRB members John Boyd and Duff Westbrook, effective immediately, and otherwise enjoining their removal.

**BACKGROUND**

**{2}** The PELRB is composed of three members appointed by the Governor, whose appointment power is circumscribed as follows: "The governor shall appoint one member recommended by organized labor representatives actively involved in representing public employees, one member recommended by public employers actively involved in collective bargaining and one member jointly recommended by the other two appointees." NMSA 1978, § 10-7E-8(A) (2003). The Act is silent regarding how and whether a board member may be removed. On March 1, 2011, Governor Susana Martinez removed all members of the PELRB. John Boyd was the member duly appointed by the Governor's predecessor on the recommendation of labor, and his term expires on June 30, 2011. Martin Dominguez was the member duly appointed by the Governor's predecessor on the recommendation of public employers, and his term expires on June 30, 2012. Duff Westbrook was appointed as the neutral board member on the recommendation of Boyd and Dominguez. Westbrook's term expired on June 30, 2010. However, under the provisions of Article XX, Section 2 of the New Mexico Constitution, Westbrook serves until his successor is duly qualified, unless he is lawfully removed. *See Denish v. Johnson,* 1996-NMSC-005, ¶ 54, 121 N.M. 280, 910 P.2d 914. All PELRB members serve three-year terms and are eligible for reappointment to an unlimited number of terms. Section 10-7E-8(B).

**{3}** The PELRB has rule-making authority, NMSA 1978, § 10-7E-9(A) (2003), and it is empowered to adjudicate disputes and enforce the provisions of the Act, NMSA 1978, § 10-7E-12(A)(3), (C) (2005). With respect to hearings, the Legislature mandated that the PELRB adopt procedures that meet all minimal due process requirements of the federal and state constitutions. Section 10-7E-12(B). Because the State is a public employer subject to the provisions of the Act, the PELRB will adjudicate disputes involving the Governor. NMSA 1978, § 10-7E-4(S) (2003) (stating that a public employer includes the state and its

2

political subdivisions). According to Petitioners, seventeen cases currently pending before the PELRB directly involve the Governor's executive department, a contention unchallenged by the Governor.

{4} Petitioners are organized labor representatives actively involved in representing public employees. They seek a writ of mandamus prohibiting the Governor from removing Boyd and Westbrook from the PELRB,[1] arguing that the Governor's removal authority under Article V, Section 5 does not extend to members of the PELRB because the Governor's appointment of its members is purely ministerial, and their removal would violate the separation of powers doctrine and offend due process. In order for Petitioners to prevail, we must be persuaded that a writ of mandamus is being issued only to compel the performance of a ministerial duty that is clear and indisputable. *New Energy Econ., Inc. v. Martinez*, 2011-NMSC-006, ¶ 23, 149 N.M. 207, 247 P.3d 286. A writ of mandamus may be used in a prohibitory manner to prohibit unconstitutional official action. *See Kiddy v. Bd. of Cnty. Comm'rs*, 57 N.M. 145, 152, 255 P.2d 678, 683 (1953) ("Public functionaries may be restrained by mandamus from doing what they know is an illegal act."). In considering whether to issue a prohibitory mandamus, we do not assess the wisdom of the public official's act; we determine whether that act goes beyond the bounds established by the New Mexico Constitution. *State ex rel. Clark v. Johnson*, 120 N.M. 562, 570, 904 P.2d 11, 19 (1995).

{5} The Governor counters that her actions are consistent with this Court's broad interpretation of Article V, Section 5 in *State ex rel. New Mexico Judicial Standards Commission v. Espinosa*, 2003-NMSC-017, 134 N.M. 59, 73 P.3d 197. In *Espinosa*, we declined to abrogate the Governor's removal authority by implication, instead requiring an express limit on the power articulated by the Legislature. *Id.* ¶ 25. The Governor argues that because the Act does not expressly curtail the Governor's removal authority, she was authorized to remove Boyd and Westbrook from the PELRB. If our consideration of the issue were limited to the Act, we might agree with the Governor. However, the competing constitutional provisions that require the Governor to faithfully execute the laws and to comply with the due process clause, which has been interpreted to require a neutral tribunal not subject to upheaval through removal by one of the litigants, compel our conclusion that the Governor may not arbitrarily remove members of this adjudicatory board.

**THE GOVERNOR MUST ENSURE THAT THE INTENDED GOALS OF DULY ENACTED LEGISLATION ARE EFFECTUATED**

---

[1]Governor Martinez also terminated the Public Employee Labor Relations Director on February 5, 2011. Petitioners also seek a writ prohibiting the Governor from "interfering in the Board's decision to hire an Executive Director." The Governor agrees that she is not empowered to hire the Executive Director and therefore will not interfere in the hiring for this position. Finally, Petitioners did not seek the reinstatement of Dominguez.

3

**{6}**     Article III, Section 1 of the New Mexico Constitution sets forth the general parameters of the separation of powers in state government.  Article IV empowers the Legislature to create the law.  Article V, Section 4 requires the Governor to "take care that the laws be faithfully executed."  In order to carry out this constitutional mandate, the Governor is required to apply his or her full energy and resources to ensure that the intended goals of duly enacted legislation are effectuated.  *Op. of the Justices to the Senate*, 376 N.E.2d 1217, 1221 (Mass. 1978).

**{7}**     The question in this case is whether the Governor's removal of the members of the PELRB is at odds with the Governor's responsibility to ensure that the Act's intended goals are effectuated.  We conclude that it is.  Under the Act's structure, the Governor does not have the absolute power to appoint any person to the PELRB.  The Governor has a clear and indisputable duty to appoint one representative for labor, one for management, and the third based on the designation by the other two appointees.  Section 10-7E-8(A); S. Barry Paisner & Michelle R. Haubert-Barela, *Correcting the Imbalance:  The New Mexico Public Employee Bargaining Act and the Statutory Rights Provided to Public Employees,* 37 N.M. L. Rev. 357, 377 (2007) ("The governor is *required* to appoint a member that has been recommended by organized labor, a member that has been recommended by public employers, and a member that the two other appointees have jointly recommended." (emphasis added)). When labor, management, or the two appointees insist on recommending only one person to the Governor for appointment, the Governor, under the plain wording of the Act, must appoint the person who was recommended.

**{8}**     The Legislature's stated purpose in promulgating the Act sets forth the rationale for the Governor's limited role in the appointment of PELRB members and the importance of a continuously operating PELRB.  In particular, the Legislature established the following purpose for the Act:

> The purpose of the Public Employee Bargaining Act is to guarantee public employees the right to organize and bargain collectively with their employers, to promote harmonious and cooperative relationships between public employers and public employees and to protect the public interest by ensuring, at all times, the orderly operation and functioning of the state and its political subdivisions.

NMSA 1978, § 10-7E-2 (2003).  These notions of "harmonious and cooperative relation[s]" and the "orderly operation and functioning of the state" have been interpreted by the Court of Appeals to encompass a "balancing of policies" in crafting the Act.  *Id.*; *see also Int'l Ass'n of Firefighters v. City of Carlsbad*, 2009-NMCA-097, ¶ 13, 147 N.M. 6, 216 P.3d 256. In the context of the PELRB's composition, the Court of Appeals has concluded that the Legislature intended the PELRB to be a "balanced and, therefore, neutral body." *City of Albuquerque v. Montoya*, 2010-NMCA-100, ¶ 10, 148 N.M. 930, 242 P.3d 497, *cert. granted*, 2010-NMCERT-010, 149 N.M. 65, 243 P.3d 1147.  This neutral and balanced character is achieved by allowing both labor and management to designate one member and

then empowering those two representatives to select a neutral, consensus third member. *See id.*; § 10-7E-8(A). To ensure a continuously operating PELRB, the Legislature established a board with three staggered terms and enacted a provision that enables members to serve an unlimited number of terms. Sections 10-7E-8(B), (E). Article XX, Section 2 complements this scheme by requiring incumbent members to retain office "until his successor has duly qualified." *Id.* Therefore, by mandating a balanced and continuously operational PELRB, the Legislature gave effect to its priority that labor relations between government workers and the state be harmonious, cooperative, and coincide with "at all times, the orderly operation and functioning of the state and its political subdivisions." Section 10-7E-2.

**{9}** The removal of the board member selected by the unions casts a pall over the operations of the PELRB and evinces a willingness to interfere with the unions' right to designate a board member of their choice. The Act expressly prohibits an employer from interfering with a public employee's rights under the Act. NMSA 1978, § 10-7E-19(B) (2003). Through her actions, the Governor has disrupted the PELRB's careful balance as envisioned by the Legislature.

**CONSTITUTIONAL DUE PROCESS PROHIBITS ARBITRARY REMOVAL OF BOARD MEMBERS BY THE GOVERNOR WHO ADJUDICATE DISPUTES INVOLVING THE GOVERNOR**

**{10}** Due process considerations are also implicated because when the Governor reserves the power to remove board members at any time and for any reason, the Governor exerts subtle coercive influence over the PELRB, further compromising its balanced and fair character. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955).

> At a minimum, a fair and impartial tribunal requires that the trier of fact be disinterested and free from any form of bias or predisposition regarding the outcome of the case. In addition, our system of justice requires that the appearance of complete fairness be present. The inquiry is not whether the [b]oard members are actually biased or prejudiced, but whether, in the natural course of events, there is an indication of a possible temptation to an average man sitting as a judge to try the case with bias for or against any issue presented to him.

*Reid v. N.M. Bd. of Exam'rs in Optometry*, 92 N.M. 414, 416, 589 P.2d 198, 200 (1979) (citations omitted).

**{11}** What is significant in this case is that the PELRB adjudicates disputes involving the Governor and all the myriad executive department agencies under her control, including determining whether the Governor or her appointees have engaged in prohibited labor practices under Section 10-7E-19. Because the PELRB is empowered to make decisions that

may adversely affect the executive branch, the PELRB must remain free from the executive's control. The PELRB cannot remain free from the executive's control or coercive influence if we conclude that the members of the PELRB serve at the pleasure of the Governor. The Act's statutory scheme for the appointment of PELRB members provides adequate guarantees that an independent, unbiased decision maker will be selected, and thus comports with the requirements of due process. However, interpreting Article V, Section 5 to empower the Governor to arbitrarily remove its members would not comport with the requirements of due process.

### *ESPINOSA* IS INAPPOSITE BECAUSE BROAD REMOVAL AUTHORITY OVER THE PELRB WOULD DIRECTLY CONTRAVENE THE LEGISLATURE'S PURPOSE IN PROMULGATING THE ACT AND CONFLICT WITH THE GOVERNOR'S DUTY TO FAITHFULLY EXECUTE THE LAWS

**{12}** The Governor urges us to adhere to our broad interpretation of Article V, Section 5 in *Espinosa*. Article V, Section 5, in relevant part, reads as follows: "The governor shall nominate and, by and with the consent of the senate, appoint all officers whose appointment or election is not otherwise provided for and may remove any officer appointed by him [or her] unless otherwise provided by law." A narrow majority of the *Espinosa* Court declared a strong disapproval of implied abrogations of the Governor's constitutional removal authority. 2003-NMSC-017, ¶ 25 (citing *Flaska v. State*, 51 N.M. 13, 20, 177 P.2d 174, 178 (1946) ("It is presumed that the people expressed themselves in careful and measured terms in framing the constitution and that *they left as little as possible to implication*." (emphasis added) (internal quotation marks and citations omitted))).

**{13}** In *Espinosa*, members of the Judicial Standards Commission (Commission) challenged then-Governor Bill Richardson's authority to remove the Commission's six gubernatorial appointees *en masse*. 2003-NMSC-017, ¶ 1. One argument advanced by the *Espinosa* petitioners was that the language in Article VI, Section 32, which created the Commission, "impliedly" prohibits the application of the Governor's Article V, Section 5 removal powers to the Commission. 2003-NMSC-017, ¶ 18. The petitioners contended that a provision setting forth staggered terms for Commission members, *id.* ¶ 18, coupled with a provision that explicitly prescribes the manner by which Commission vacancies shall be filled but is silent as to removal, evinced an "intent . . . to deny the Governor the authority to remove members," *id.* ¶ 23. We rejected the petitioners' invitation to impliedly abrogate the Governor's removal power, finding that the Legislature has demonstrated a willingness to "provide[] for both staggered terms and gubernatorial removal power," *id.* ¶ 21, and "frequently addresses both the power to fill a vacancy and the power to remove," *id.* ¶ 23. As a result, we concluded that Article V, Section 5 and Article VI, Section 32 coexist as "harmonious constitutional provisions." *Id.* ¶ 23. Having dispensed with the petitioners' argument, the majority concluded that "[w]ithout a compelling reason to hold otherwise," Article V, Section 5 authorized the Governor to arbitrarily remove executive appointees from the Commission. *Espinosa*, 2003-NMSC-017, ¶ 27.

6

**{14}** In this case, there are three compelling reasons to hold otherwise. First, in *Espinosa* the Governor had absolute appointment authority–that is, the Governor was at liberty to appoint anyone he chose to the Commission. That is not so in this case, where the Governor has a clear and indisputable duty to appoint those members designated by labor, management, and a neutral designated by the labor and management designees. Second, in *Espinosa* the appointees were not empowered to adjudicate disputes involving the Governor. In this case, the PELRB must decide disputes involving the Governor. Third, in *Espinosa* we could read the competing constitutional provisions harmoniously, whereas in this case, we cannot read the competing duty of the Governor to faithfully execute the laws, with her appointment and removal authority, or with the due process requirements of our Constitution as interpreted by this Court.

**CONCLUSION**

**{15}** For the foregoing reasons, a writ of mandamus has issued ordering the reinstatement of members Boyd and Westbrook to the PELRB, effective immediately, and otherwise enjoining their removal.

**{16}** **IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**

_____
**PATRICIO M. SERNA, Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**CELIA FOY CASTILLO, Judge**
**Sitting by Designation**

**Topic Index for *AFSCME v. Martinez*, Docket No. 32,905**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-AL | Administrative Law, General |
| AL-DU | Administrative Law, Due Process |
| AL-LI | Legislative Intent |

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-DP | Due Process |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-DP | Due Process |
| CT-CG | Constitutional Law, General |
| | |
| **EL** | **EMPLOYMENT LAW** |
| EL-LU | Labor Unions |
| | |
| **GV** | **GOVERNMENT** |
| GV-CM | Commissions |
| GV-EB | Executive Branch |
| GV-RA | Regulatory Authority |
| | |
| **RE** | **REMEDIES** |
| RE-EO | Extraordinary Writs |
| RE-WM | Writ of Mandamus |
| | |
| **ST** | **STATUTES** |
| ST-CS | Conflicting Statutes |
| ST-LI | Legislative Intent |