IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: March 23, 2015

**NO. 33,706**

**AMERICAN FEDERATION OF STATE,
COUNTY & MUNICIPAL EMPLOYEES,
COUNCIL 18, AFL-CIO, LOCALS 1461,
2260, AND 2499,**

     Plaintiffs-Appellants,

v.

**BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Valerie A. Huling, District Judge**

Youtz & Valdez, P.C.
Shane C. Youtz
Stephen Curtice
James A. Montalbano
Albuquerque, NM

for Appellants

Bernalillo County Legal Department
Randy M. Autio, County Attorney
Michael I. Garcia, Assistant County Attorney, Sr.
Albuquerque, NM

for Appellee

**OPINION**

**FRY, Judge.**

{1}    Plaintiffs, the exclusive bargaining representatives for unionized public employees of Bernalillo County, appeal the district court's order denying their request for declaratory and injunctive relief against the Board of County Commissioners of Bernalillo County. Plaintiffs sought a declaration that Bernalillo County was not entitled to "grandfather" status under the Public Employee Bargaining Act (PEBA), NMSA 1978, § 10-7E-26(A) (2003), and that they were therefore not required to adjudicate labor disputes before the Bernalillo County Labor-Management Relations Board (the Labor Board) because the structure in place for dispute resolution does not provide a fair tribunal for employees. Because we conclude that the County's dispute resolution procedures do not violate Plaintiffs' due process rights to a fair and impartial tribunal, we affirm.

**BACKGROUND**

{2}    Section 10-7E-26(A) of the PEBA is typically referred to as the "grandfather clause," which exempts public employers who qualify from the PEBA's requirements. Section 10-7E-26(A) ("A public employer other than the state that prior to October 1, 1991[,] adopted by ordinance, resolution[,] or charter amendment a system of

provisions and procedures permitting employees to form, join[,] or assist a labor organization for the purpose of bargaining collectively through exclusive representatives may continue to operate under those provisions and procedures."); *see also AFSCME, Council 18 v. City of Albuquerque*, 2013-NMCA-012, ¶ 10, 293 P.3d 943 ("[T]he effect of grandfather clauses is to narrow, qualify, or otherwise restrain the scope of [a] statute or to remove from the statute's reach a class that would otherwise be encompassed by its language." (internal quotation marks and citation omitted)). Consistent with the text of the grandfather clause, our determination of whether a public employer is within the clause's purview focuses on whether "(1) . . . a public employer [has in place] a system of provisions and procedures permitting employees to form, join[,] or assist a labor organization for the purpose of bargaining collectively through exclusive representatives and (2) . . . the public employer [adopted the system of procedures before] October 1, 1991." *Id.* ¶ 8 (internal quotation marks and citation omitted).

{3}     At first glance, the County appears entitled to the protections of the grandfather clause. The Bernalillo County Labor-Management Relations Ordinances (LMRO) were enacted in 1975 with the purpose to "allow county employees to organize and bargain collectively with the county government." Bernalillo County, N.M., Ordinances § 2-201 (1975). Thus, having in place a system of procedures for

collective bargaining well before 1991, the County appears to be a "grandfathered" entity under the PEBA.

{4}     Plaintiffs' argument centers on the LMRO's dispute resolution procedures. The contested  procedures for alleged violations of the LMRO's prohibited practices are found at Bernalillo County, N.M., Ordinances § 2-210 (1975). In the event there is an allegation that the County or an employee or employee organization has committed a prohibited practice violation, the Labor Board must hold a hearing. *Id.* § 2-210(f). Upon making its determination, the Labor Board "shall request that the county commission enter an order against the party guilty of the violation." Bernalillo County, N.M., Ordinances § 2-211(a) (1975). The LMRO state that in entering the order, "[t]he county commission is not bound to accept either the majority or minority report of the [Labor Board], but shall exercise independence based on the record and arguments presented before it." *Id.*

{5}     Plaintiffs petitioned the district court for declaratory and injunctive relief, arguing that these procedures were unfair to county employees. Plaintiffs sought to file employee complaints before the New Mexico Public Employee Labor Relations Board instead of the County's Labor Board. The district court denied their petition. Plaintiffs now appeal.

**DISCUSSION**

**Standard of Review**

{6} We review a district court's denial of a claim for declaratory relief for abuse of discretion. *State ex rel. Stratton v. Roswell Indep. Sch.*, 1991-NMCA-013, ¶ 49, 111 N.M. 495, 806 P.2d 1085. "An abuse of discretion occurs when the district court's ruling is clearly against logic and effect of the facts and circumstances before the court." *Id.* However, to the extent that Plaintiffs' arguments require this Court to engage in statutory construction, interpretation of a statute is a question of law that we review de novo. *See Morgan Keegan Mortg. Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. "A grandfather clause will be construed to include no case not clearly within the purpose, letter, or express terms, of the clause." *City of Albuquerque v. Montoya*, 2012-NMSC-007, ¶ 11, 274 P.3d 108 (alteration, internal quotation marks, and citation omitted). Furthermore, "[the appellate courts] review questions of constitutional law and constitutional rights, such as due process protections, de novo." *N. M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 27, 142 N.M. 248, 164 P.3d 947.

**The County's Dispute Resolution Procedures Do Not Violate Plaintiffs' Due Process Rights**

{7} Broadly stated, Plaintiffs' argument is that the County's dispute resolution procedures violate the employees' procedural due process rights to a fair and

4

impartial tribunal because the county commission has a "vested interest" in the adjudication of the disputes. Plaintiffs argue that because the County does not have in place a system that facially operates to protect their collective bargaining rights, it does not have "a system of provisions and procedures permitting employees to form, join[,] or assist any labor organization" and is not entitled to grandfather status under Section 10-7E-26(A) of the PEBA.

{8}     On a more nuanced level, however, Plaintiffs' argument requires some parsing. We understand one prong of Plaintiffs' argument to be that because the county commission appoints the county manager, who serves in an advisory role to the county commission, the county commission effectively serves as both the legislative and executive branches of county government. Bernalillo County, N.M., Ordinances § 2-62 (1973, amended 2011), § 2-63 (1973); NMSA 1978, § 4-38-19(B) (1973). Therefore, according to Plaintiffs, it should be presumed that the county commission's interest in employment disputes "lie[s] in favor of managerial personnel and in conflict with the rights of employees." Second, because the county commission is not bound by any recommendations of the Labor Board in reviewing prohibited practice complaints, Plaintiffs characterize the county commission as sitting in "unrestrained final judgment" in regard to employee disputes. In considering these two contentions together, Plaintiffs argue that the system violates the

5

employees' due process rights because it allows the county commission, with its interests aligned with management personnel, to be the final decision-maker on employee complaints.

{9} "The Fourteenth Amendment of the United States Constitution protects citizens from state action that leads to deprivations of liberty and property without due process of law." *Los Chavez Cmty. Ass'n v. Valencia Cnty.*, 2012-NMCA-044, ¶ 20, 277 P.3d 475 (internal quotation marks and citation omitted). "Procedural due process requires a fair and impartial hearing before a trier of fact who is disinterested and free from any form of bias or predisposition regarding the outcome of the case." *Riegger*, 2007-NMSC-044, ¶ 27 (internal quotation marks and citation omitted). "The inquiry is not whether the [tribunal is] actually biased or prejudiced, but whether, in the natural course of events, there is an indication of a possible temptation to an average [person] sitting as a judge to try the case with bias for or against any issue presented to him." *Reid v. N. M. Bd. of Exam'rs of Optometry*, 1979-NMSC-005, ¶ 7, 92 N.M. 414, 589 P.2d 198. "These principles are equally applicable to administrative proceedings" and are "even more relevant at the quasi-judicial level, where other trial-like rules of administrative proceedings are relaxed." *Los Chavez*, 2012-NMCA-044, ¶ 23.

{10} In considering Plaintiffs' claims of bias, we first emphasize the presumption that administrative adjudicators perform their duties with honesty and integrity. *See Jones v. N. M. State Racing Comm'n*, 1983-NMSC-089, ¶ 13, 100 N.M. 434, 671 P.2d 1145. That is to say that, in this context, we presume that the county commission's interest in reviewing the Labor Board's decision is to act fairly and with impartiality in making its determination. "The burden of overcoming the presumption of impartiality 'rests on the party making the assertion [of bias.]' " *Navistar Int'l Transp. Corp. v. United States EPA*, 941 F.2d 1339, 1360 (6th Cir. 1991) (quoting *Schweiker v. McClure*, 456 U.S. 188, 196 (1982)). Furthermore, "any alleged prejudice on the part of the decision[-]maker must be evident from the record and cannot be based on speculation or inference." *Id.*

{11} The inherent bias or partiality of a given circumstance can often be sufficient to rebut the presumption that administrative adjudicators will properly perform their duties. For example, in *Los Chavez*, the fact that a board member of the Valencia County Commission was a first cousin to an applicant for a zoning change required the board member to recuse herself. 2012-NMCA-044, ¶ 1. Although the presumption of bias between close relatives is constitutionally recognized in regard to judges, this Court saw no reason not to extend that presumption to administrative adjudicators. *Id.* ¶ 23. Likewise, in *Riegger*, the Court held that the board's imposition of costs

against a losing licensee for the hearing officer's time and the cost of the hearing room violated due process. 2007-NMSC-044, ¶ 26. The Court stated that there was a reasonable probability, even absent evidence of actual bias or partiality, that the imposition of these costs could give a hearing officer the incentive to rule against the licensee in order to be fully compensated for his services. *Id.* ¶ 30. Importantly, in both of these cases, there was some fact or circumstance that established a personal interest that could improperly influence the administrative adjudicator's ability to impartially decide the case. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-031, ¶ 24, 123 N.M. 239, 938 P.2d 1384 (recognizing that "[o]ne who stands to gain or lose by a decision either way has an interest that may disqualify" (internal quotation marks and citation omitted)). In the present case, Plaintiffs have not presented any evidence suggesting the type of personal interest mentioned in *Los Chavez* and *Riegger*.

{12} Plaintiffs rely on *AFSCME v. Martinez*, 2011-NMSC-018, 150 N.M. 132, 257 P.3d 952, to support their argument that the county commission's interests favor management personnel. In *Martinez*, our Supreme Court held, in relevant part, that allowing the governor to remove board members of the Public Employee Labor-Relations Board (PELRB) "at any time and for any reason" would be a violation of due process. *Id.* ¶ 10. The Court emphasized that the PELRB directly adjudicates

8

disputes involving the governor and her appointees and, therefore, the governor "exerts subtle coercive influence over the PELRB." *Id.* ¶¶ 10-11.Thus, because the PELRB is "empowered to make decisions that may adversely affect the executive branch," it would be a violation of due process "if [the Court] conclude[d] that the members of the PELRB serve[d] at the pleasure of the [g]overnor." *Id.* ¶ 11. Plaintiffs analogize the present case to the *Martinez* decision by arguing that the county commission's de facto exercise of executive power is similar to the governor's "undue influence" over the PELRB.

{13}  We are unpersuaded by Plaintiffs' argument. Although we remain mindful that the lines between governmental bodies at the county level are not as stark as those at other levels of government, *Board of County Commissioners v. Padilla*, 1990-NMCA-125, ¶ 10, 111 N.M. 278, 804 P.2d 1097, we disagree with Plaintiffs' characterization of the county commission as effectively serving in a dual legislative/executive role such that its interest should be presumed to be in favor of management personnel. In *Montoya*, our Supreme Court rejected a similar presumption regarding the president of the Albuquerque City Council because the city's ordinances did not define the president's role as a managerial position and the ordinances referred to the city council as the "legislative body of the city." 2012-NMSC-007, ¶ 17 (internal quotaton marks and citation omitted). While the structure

9

of Bernalillo County government differs in many respects from the City of Albuquerque's structure noted in *Montoya*, one important area of overlap is that the county commission, like the Albuquerque City Council, does not directly administer personnel management. *See id.* ¶ 18; § 4-38-19(B); Bernalillo County, N.M., Ordinances § 2-98. Consistent with the county manager's oversight of county personnel, it is the county manager, like the mayor under Albuquerque's system, who selects the "management" member of the Labor Board. Bernalillo County, N.M., Ordinances § 2-98(a), (b)(3); § 2-214(2) (1975); *Montoya*, 2012-NMSC-007, ¶ 18. We therefore disagree with Plaintiffs that the level of oversight the county commission exercises over the county manager indicates an interest sufficient to presume that the county commission is biased in favor of management personnel.

{14} In the absence of evidence establishing the reason why the county commission would be inclined to favor management personnel over employees, Plaintiffs have not met their burden to rebut the presumption that the county commission impartially performs its duties in reviewing employee complaints. Accordingly, we conclude that the County's dispute resolution procedures do not violate Plaintiffs' due process rights to a fair and impartial tribunal.

**CONCLUSION**

{15} For the foregoing reasons, we affirm the district court.

10

{16}    **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**


**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**RODERICK T. KENNEDY, Judge**

11